344 So.2d 905 (1977)
Stephen D. SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-589.
District Court of Appeal of Florida, Third District.
March 29, 1977.
Rehearing Denied May 4, 1977.
*906 Bennett H. Brummer, Public Defender and Julian S. Mack, Asst. Public Defender and Richard Levitt, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant appeals his conviction of the offense of disorderly conduct, for which the sentence imposed was 30 days confinement in the County jail, to be followed by a non-reporting probationary period of six months.
Mr. and Mrs. Zemba operated a gasoline service station. The defendant, after obtaining seven dollars worth of gasoline, drove off without paying. The Zembas followed him in an automobile, but were unable to overtake him. In returning to the station, the Zembas encountered the defendant who also was returning. They had some conversation but defendant left in his car when a police car was seen in the vicinity.
The occurrence which formed the basis for the prosecution took place when the defendant returned to the service station later that day, at a time when Mrs. Zemba was present and Mr. Zemba was at his home. The defendant told Mrs. Zemba he had given Mr. Zemba $100, and demanded that she refund him $93. By telephone Mr. Zemba denied he had received any money from defendant and so informed the defendant, who then, according to Mrs. Zemba, became "uptight and violent", and threatened to shoot 93 holes in the place and bomb it.
By information the defendant was charged with threatening to throw, place or discharge a destructive device (bomb) at said location, with intent to do bodily harm to the Zembas or with intent to damage the property, in violation of Section 790.162 Florida Statutes 1975. In a second count the defendant was charged with the crime of extortion.
The case was tried before a jury. The foregoing facts were brought out in testimony. There were additional facts, as testified to by Mrs. Zemba and another person who was present, as to the intimidating manner, tone and actions of the defendant in making the threats. A motion of the defendant for acquittal at the close of the State's case was granted as to the count charging extortion, and was denied as to the first count. At the close of the case the defendant again moved for acquittal on the latter. The court stated the motion would not be granted, and said: "I'm going to reduce it to disorderly conduct which I think it probably is". The State objected, but the defendant's attorney approved, saying: "I agree with you, Judge."
Later the court announced to counsel that he would charge the jury on disorderly conduct and use the language of the statute in defining the offense. After charging the jury including a charge as above mentioned, the court asked whether either party had any additional requests or objections relating to the charges. Counsel for both parties answered "No sir."
By virtue of the reduction made by the court from the offense charged in the first count to the offense of disorderly conduct, the matter went to the jury on an offense which was a second degree misdemeanor, rather than on the greater offense charged, which was a second degree felony.
Appellant argues that the court committed error in reducing the charge to disorderly conduct, contending the latter was not a lesser included offense of the charge stated in the first count and that said reduced offense was not alleged in the information; and further that the evidence was insufficient to support a conviction for disorderly *907 conduct, and that the charge given to the jury thereon was improper.
The State argues the appellant may not now contend to be error the reduction of the charge to disorderly conduct, whether or not it was a lesser included offense of the offense charged, because the defendant agreed to the reduction of the charge, which substantially lessened his liability, and subsequently not only made no objection to the case being submitted to the jury on that basis, but in fact affirmatively assented thereto. We hold such argument of the State has merit, and is supported by McPhee v. State, 254 So.2d 406, 410 (Fla. 1st DCA 1975). And see Andrews v. State, 309 So.2d 576 (Fla. 1st DCA 1975), concurring opinion by Judge McCord. The conviction on the reduced offense was based on competent substantial evidence. White v. State, 330 So.2d 3 (Fla. 1976).
No reversible error having been shown, the judgment is affirmed.