366 So.2d 46 (1978)
Pamela Smith KROENKE, Appellant,
v.
STATE of Florida, Appellee.
No. 78-982.
District Court of Appeal of Florida, Second District.
November 29, 1978.
Rehearing Denied January 8, 1979.
*47 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Pamela Smith Kroenke appeals her placement on probation for armed burglary. She raises two points on appeal, one of which has merit and requires that the cause be remanded for further proceedings.
Appellant pled nolo contendere to the charge against her pursuant to a plea bargain that she would be placed on probation for five years with the special condition that she make restitution of the property taken in the instant burglary and two others. The trial court provided in its order that the amount of restitution was to be determined by appellant's probation officer.
Our supreme court held in Fresneda v. State, 347 So.2d 1021 (Fla. 1977), that before restitution is ordered, the defendant must be given notice of the proposed restitution order and an opportunity to be heard as to the amount. Here, appellant obviously had notice, but the required hearing as to amount was not held. Instead the court delegated the authority to determine the amount to appellant's probation supervisor. This was improper.
Accordingly, the cause is remanded with instructions to hold a hearing as to the amount of restitution as required by Fresneda. Appellant's other point having been determined to be without merit, the order placing appellant on probation is in all other respects affirmed.
OTT, Acting C.J., and DANAHY, J., concur.