450 So.2d 1183 (1984)
William L. POLLOCK, Petitioner,
v.
Honorable Fred L. BRYSON, Circuit Judge, Sixth Judicial Circuit, Respondent.
No. 84-562.
District Court of Appeal of Florida, Second District.
May 4, 1984.
*1184 Robert E. Jagger, Public Defender and D. William Venable, Asst. Public Defender, Clearwater, for petitioner.
Jim Smith, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. General, Tampa, for respondent.
RYDER, Judge.
William L. Pollock, petitioner, seeks review of a post-conviction order which set aside his judgment and sentence and directed that he stand trial on charges to which he had previously pled guilty and received probation. After examination of the record, the arguments contained in the petition and response, and the applicable statutes and case law, we reluctantly grant, although not without comment, the petition for a writ of prohibition. We issue the writ, vacate the order setting aside the judgment and sentence, and direct the trial court to reimpose the original judgment and order of probation, including the special condition of restitution.
On September 12, 1983, petitioner was charged by information with leaving the scene of an accident with injuries in violation of section 316.027(2), Florida Statutes (1981). On October 24, petitioner appeared before Judge O'Brien for a change of plea hearing. At that hearing, petitioner's public defender indicated to the trial judge that she and the state attorney had negotiated a plea whereby petitioner would plead guilty to the crime charged in exchange for a three-year term of probation that included a special condition of restitution. The parties then agreed the amount of restitution should be the amount of damages to the victim's automobile, approximately $4,000.00.[1] Petitioner's counsel never mentioned that the restitution amount agreed to was contrary to any law. The state attorney then presented the factual basis for the plea which included the fact that petitioner's vehicle struck the victim's vehicle very hard.
Thereafter, the trial judge conducted a thorough inquiry of petitioner's background and informed him of his rights, including the effect of the waiver of the right to a jury trial. The judge then accepted the negotiated plea as being made voluntarily and intelligently. After accepting the plea, the judge adjudicated petitioner guilty and placed petitioner on probation for three years with the special condition that he make restitution in the amount of "$4,000.00, or such amount as is determined by your probation supervisor."[2] Petitioner *1185 was then informed of his right to appeal, and the written judgment, adjudication of guilt, and order of probation, which included the special condition of restitution, were subsequently entered. Petitioner never filed a direct appeal.
On January 17, 1984, the same public defender filed a motion for a restitution hearing on behalf of petitioner apparently at the request of petitioner's probation officer who felt there was a discrepancy in the amount of restitution owed. A hearing to determine the exact amount of restitution to be paid took place on February 17, 1984 before respondent Judge Bryson. At that hearing, counsel for petitioner argued that the condition calling for restitution in the amount of damage to the victim's vehicle was an illegal sentence, even though she acknowledged the restitution was part of a plea bargain agreement she and Pollock had negotiated with the state. Counsel added she was not challenging the plea agreement or seeking to withdraw the plea but only desired to strike the special condition from the order of probation. At this juncture in the proceedings, the judge commented, "Fine. If it's illegal, you can't take the benefit of it and say I'm not going to comply with the bargain." The state attorney, stating he wanted to protect his record, argued the agreed-upon restitution was a legal condition. At the conclusion of the hearing, the judge ruled the special condition was an illegal sentence, set aside the judgment and sentence, and ordered petitioner to ready himself for trial. Immediately after this ruling, petitioner's counsel stated she wished to review the law with respect to the court's decision and possibly file an appropriate motion.
On the date of the scheduled trial, March 15, a different public defender filed a motion to vacate the order setting aside the judgment and sentence. In this motion, counsel sought to reinstate the original judgment and order of probation, apparently abandoning the previous counsel's contention that this sentence was illegal. A motion to dismiss the pending trial on double jeopardy grounds was also filed. Prior to commencement of the trial, Judge Bryson stated he would entertain petitioner's motions although the state attorney asserted the state had its witnesses present and was ready for trial. Thereafter, a seemingly never-ending cycle of confusing, and possibly unnecessary arguments, took place with respect to whether the inclusion of the restitution as a special condition of probation invalidated the plea, judgment and/or sentence.[3] During the discussions, the besieged trial judge raised the possibility that petitioner's original contention (that the alleged illegal condition could be stricken with all else remaining intact) had been waived at the time the parties entered into the negotiated plea agreement. Petitioner's counsel indicated, "You may be exactly *1186 right, Judge." Judge Bryson, his sense of fair play clearly evident, then offered petitioner and his counsel two options: either go to trial or abide by the original judgment and sentence.
Toward the close of the hearing, after further arguments had ensued, petitioner's counsel suggested that the judge, under the law, was required to either vacate the order and reinstate the original judgment and sentence if the sentence was legal or reinstate the plea, vacate the sentence, and resentence petitioner in accordance with double jeopardy principles if the sentence was illegal. When the state attorney requested ten minutes to respond to this proposition, the trial judge, his patience understandably wearing thin, ordered the case continued so that petitioner's counsel could seek a writ of prohibition in this court to resolve the legal morass created by the changing positions of petitioner's lawyers. However, Judge Bryson did enter orders denying the motions to vacate and to dismiss.
Shortly thereafter, the writ was filed, and we entered a stay prohibiting the trial of petitioner until further notice from this court. We also ordered a response from the state and set oral argument. At oral argument, the public defender asserted one position: that the special condition of restitution imposed as part of the plea agreement was in fact a valid condition of probation in this case, and, therefore, the original plea agreement, judgment, and order of probation were valid and should be reinstated as initially imposed.
Ordinarily, a trial court cannot, over objection, require as a condition of probation that restitution be paid "in excess of the amount of damage the criminal conduct caused the victim." Fresneda v. State, 347 So.2d 1021, 1022 (Fla. 1977) (stating general rule); Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981) (stating failure to object generally constitutes a waiver). See §§ 775.089(1) and 948.03(1)(g), Fla. Stat. (1981). Accord, Purvis v. State, 442 So.2d 1085 (Fla. 2d DCA 1983). However, the trial court in the present case, unlike the trial courts in the above-cited cases, did not sua sponte or at the sole insistence of the state impose or require the excess restitution to be paid as a condition of probation. Rather, the court in this case merely incorporated into the order of probation a special condition which had been expressly made a part of a negotiated plea between the state and petitioner's counsel which was then voluntarily and intelligently accepted by petitioner in open court. Therefore, we hold, consistent with decisions of the First and Fourth Districts, that petitioner "waived" the protection of sections 775.089(1) and 948.03(1)(g) at the time he entered into the plea agreement. G.H. v. State, 414 So.2d 1135 (Fla. 1st DCA 1982); Dent v. State, 432 So.2d 163 (Fla. 4th DCA 1983) (citing G.H.).
In G.H., the court explained:
We note the State's argument that this point has been waived since the condition of restitution was part of a negotiated plea whereby the State agreed to drop the criminal mischief charge. If this is indeed true, defendant's argument would appear to be an impermissible `gotcha' maneuver... . If it was, the condition of restitution shall stand... .
Id. at 1137. The underlying rationale for estopping a defendant from raising the alleged illegality of the condition is that he should not be encouraged nor allowed to take advantage, on appeal or on collateral attack, of an error he initiated or induced below. See generally McCrae v. State, 395 So.2d 1145 (Fla.), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1980); McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971). Smith v. State, 344 So.2d 905 (Fla. 3d DCA 1977) illustrates the invited error problem. In Smith, the court held that the defendant could not claim error arising out of the reduction of a charge of disorderly conduct, whether or not it was a lesser included offense of the offense charged, because the defendant had agreed to the reduction of the charge which substantially lessened his liability and because the defendant had not made an objection to the case being submitted to the jury on *1187 that basis. The Smith court further stated the defendant in fact affirmatively assented to the action taken at trial. Clearly, the holding of Smith is appropriate to the present case, even though the bargain agreed to in Smith occurred in a different setting.
Moreover, we see nothing in law which prevents a defendant from waiving the benefits of sections 775.089(1) and 948.03(1)(g) and binding himself to remit an amount of restitution which is greater than the statute allows as part of a negotiated plea where he receives probation to avert the possibility of a jail sentence. Furthermore, we note the amount of restitution agreed to be paid by petitioner (the amount of damage to the victim's car) is not unreasonable or suspect in light of the fact, adduced at the change of plea hearing, that petitioner's vehicle hit the victim's vehicle causing substantial damage. Importantly, our conclusion is consistent with the declared policy of this state to encourage plea negotiations and agreements. Fla.R. Crim.P. 3.171(a). See generally State ex rel. Miller v. Swanson, 411 So.2d 875, 877 (Fla. 2d DCA 1981). Without the ability to enter into an agreement such as the one made in this case, a defendant may be forced to stand trial, and, more importantly, the state may be compelled to try a case it really does not wish to prosecute. Accordingly, once a defendant voluntarily and intelligently agrees without objection to terms and conditions of probation as part of a negotiated plea, he cannot later attempt to have a particular condition set aside as being invalid and also demand that the order of probation remain otherwise intact.
Thus, although petitioner technically "wins" his petition for the issuance of a writ of prohibition and therefore will not have to stand trial, we point out that his and his counsels' tactics herein have most certainly resulted in the unnecessary expenditure of scarce and valuable resources allocated to the criminal justice system. Today, petitioner is in no better position than he was in when he voluntarily agreed to the special condition approximately five months ago. In our view, it appears defense counsel were "playing games" with the judicial process by initially employing the "gotcha" maneuver in hope of simply striking a special condition but later abandoning that technique when the trial court set aside the judgment and sentence and ordered the case set for trial. This type of conduct can be corrosive to our system of justice not only because it contributes to the waste of valuable resources, but also because it fuels the public distrust of and lack of confidence in the use of plea bargaining as a valuable tool in resolving criminal matters. Finally, we point out this court, with its ever-increasing burden of cases,[4] does not have time to spend assisting defense counsel to extricate themselves from an avoidable legal web that they have woven for themselves and their client, neither is such an act the responsibility of this body.
With the above thoughts in mind, we GRANT the petition for a writ of prohibition and issue the writ wherein we order the reinstatement of the original judgment and order of probation in its entirety. We further direct the trial court to determine the exact amount of restitution owed under the negotiated plea agreement.
OTT, C.J., and DANAHY, J., concur.
NOTES
[1] The exact amount of restitution to be paid was not known at the time of the change of plea hearing; however, the record clearly reflects that the parties understood that the precise figure would be determined at a later date.
[2] Petitioner did not object at the time of the plea or argue in his petition that the special condition was invalid because it allows the probation supervisor to determine the exact amount of restitution. Compare Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1978). Nevertheless, our directions to the trial court on remand will alleviate any problem created with respect to who shall decide what is to be paid in restitution to the victim.
[3] A representative segment is as follows:

MR. VENABLE: And I'm asking the Court to vacate the judgment and sentence.
THE COURT: And you want it reinstated and still want to be able to attack the condition of probation as to restitution?
MR. VENABLE: Judge, I believe that's probably also been taken care of. Our client has learned that his insurance will cover the damages to the vehicle.
THE COURT: Well, then why are we standing here if that's the case, and there's no money off or no skin off his nose. Why are we standing here conducting a legal rhetoric as to the bottom line if it is when it's already going to be taken care of.
MR. VENABLE: Judge, he's scheduled for a trial or change of plea today. I don't think either one of those should take place.
THE COURT: Are you prepared to enter into a bargain that for three years probation, he'll make restitution?
MR. VENABLE: Judge, it's my understanding from the change of plea that the bargain has already been entered into.
MR. YOUNG: Judge 
THE COURT: But Miss Thom, last trip, was attacking restitution as an illegal portion of the sentence. That's the reason I said you can set this whole thing aside and we'll start all over again. That's why we're here for trial.
MR. VENABLE: Judge, in our opinion, it is still an illegal condition of the 
THE COURT: If you agreed to it?
MR. VENABLE: Judge, in our opinion  yes, sir, because it doesn't have any  doesn't go towards rehabilitation, nor 
[4] The Second District Court of Appeal serves fourteen counties whose combined population in 1984 will exceed three million, more than the individual population of twenty-three states. Population Division, Bureau of Economic and Business Research, College of Business Administration, University of Florida; U.S. Bureau of Census, July 1981.