575 So.2d 1315 (1991)
Antonio KIRKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02174.
District Court of Appeal of Florida, Second District.
February 13, 1991.
Rehearing Denied March 14, 1991.
James Marion Moorman, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Antonio Kirkland (Kirkland) challenges the trial court's order which increased the amount of restitution Kirkland was required to pay under his original sentence. Kirkland was charged with grand theft of an automobile. Subsequently, Kirkland entered a plea of nolo contendere with the understanding that he would receive three years in the Department of Corrections, followed by one year of probation as a youthful offender, and that he would be required to make restitution in the amount of $200.00. Kirkland was then sentenced as agreed. We agree that the trial court erred by enhancing this legal sentence.
Three issues require discussion. First, whether the agreement between the state and Kirkland constitutes a plea agreement. Second, whether the trial court can enhance the restitution portion of a legal sentence without giving Kirkland notice and an opportunity to be heard. Third, whether Florida Rule of Criminal Procedure 3.800(a) allows the trial court to enhance a legal sentence.
First, while the term "plea agreement" does not appear in the record, the colloquy between the parties supports the fact that there was an agreement. Therefore, *1316 the issue is whether the state can seek to modify that sentence. This court has held that once a defendant voluntarily and intelligently agrees to a plea bargain and is sentenced accordingly, the defendant cannot then seek to have certain portions of the sentence changed, even if the sentence is illegal. Pollock v. Bryson, 450 So.2d 1183 (Fla. 2d DCA 1984). Furthermore, if the state sought to have the sentence changed, it is required to give the defendant notice and an opportunity to withdraw his plea. See LaBaissiere v. State, 429 So.2d 96 (Fla. 2d DCA 1983). There is no support in the record that Kirkland was ever given the opportunity to withdraw his plea.
The second issue is whether Kirkland's due process rights were violated because he was not given notice or an opportunity to be heard regarding the increase of restitution. The Florida Supreme Court has held that before restitution can be ordered the defendant must be given notice of the proposed restitution and given an opportunity to be heard as to the amount. Fresneda v. State, 347 So.2d 1021 (Fla. 1977). See also Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1978). In the instant case, the increase was based on the state's motion for modification. Again, the record does not indicate that Kirkland was given notice or an opportunity to be heard.
The final issue is whether the increase of restitution constitutes an enhancement of a legal sentence. In the instant case, a complete legal sentence was imposed. According to Faber v. State, 409 So.2d 71 (Fla. 3rd DCA 1982), rule 3.800(a) does not authorize the enhancement of a legal sentence. This case does not fall under Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988), because the sentence imposed in the instant case is not an incomplete sentence. Therefore, we are of the opinion that an increase in the amount of restitution, which is a part of a legal sentence, is an impermissible enhancement. We are aware that the first district in Johnson v. State, 502 So.2d 1291 (Fla. 1st DCA 1987), has held that imposition of court costs as a condition of probation without any increase in the term of jail time was not an enhancement of punishment. To that extent, we recognize that we may very well be in conflict.
Accordingly, we quash the trial court's order increasing the amount of restitution, and remand with instructions to the trial court to reinstate the original order.
Reversed and remanded.
SCHOONOVER, C.J., and THREADGILL, J., concur.