601 So.2d 1264 (1992)
Lazaro BLASCO, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-644.
District Court of Appeal of Florida, Third District.
June 30, 1992.
*1265 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and GODERICH, JJ.
PER CURIAM.
The sole claim in this appeal is that the trial court erred in ordering defendant to make restitution as a condition of probation without first establishing the defendant's ability to pay the amount ordered. We affirm the trial court's order.
Section 775.089(6), Florida Statutes (1991) requires that a sentencing judge determine the defendant's ability to pay prior to ordering a defendant to make restitution. However, this safeguard is not available if the order to make restitution resulted from a negotiated plea which was voluntarily and intelligently accepted by the defendant, as in the instant case. See Pollock v. Bryson, 450 So.2d 1183 (Fla. 2d DCA 1984); see also Kirkland v. State, 575 So.2d 1315 (Fla. 2d DCA 1991); Godfrey v. State, 506 So.2d 1158 (Fla. 3d DCA 1987); Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985). This exception has been firmly established and is based upon the underlying rationale that the defendant should not be encouraged or allowed to take advantage, on appeal or on collateral attack, of an error he initiated or induced below. Pollock, at 1186.
Here, the defendant agreed, in writing, to make restitution as part of his negotiated plea. In open court, he acknowledged that obligation when he entered his plea:
TRIAL JUDGE: The state is going to recommend that you would be sentenced to a period of 15 years of probation following your incarceration and you are going to make restitution in the cause. Is that your understanding?
THE DEFENDANT: Yes, sir.
Again, three months later, at sentencing, Blasco was reminded of his obligation to make restitution under his negotiated plea. In the presence of Blasco and his counsel, the state attorney argued for the maximum incarceration time in addition to the order for restitution. In discussing the severity of the crimes charged, she observed the sum of the restitution Blasco was obligating himself to pay.
ASSISTANT STATE ATTORNEY: The restitution in this cause is the greatest I have ever dealt with in a property crime. I would like to present the court with a restitution order of $2,000 to the Insurance Company of North America, who paid the first $2,000 of claims of Eloise Cuddeback; $43,900 to Eloise Cutteback; $200 to David Quinn; $40,908 to David and Lita Pulinnen; $601 to David Stallard; $305 to Dale Susan Gates; $220 to Sandra Pinder; $250 to Jeffrey Watson; $250 to Raymond Hennesy; $375 to Warren Kalback; $1,500 to Rose Pinder; $3,115 to Kristi Diamond.
.....
THE COURT: Mr. Blasco, is there anything you want to add before I pronounce the sentence?
The defendant responded only that he wished the court to consider his placement in a rehabilitation program. Blasco was clearly made aware of the restitution amount that, by his plea, he was obligating himself to repay. However, he failed to take any action to let the court know he had any problem with the amount of the obligation. A careful reading of the transcripts leaves no doubt that Blasco voluntarily and intelligently accepted the restitution amount as part of his negotiated plea. Thus, we find defendant "waived" the protection of section 775.089(6) by his own actions. See Godfrey, 506 So.2d at 1158; Pollock, 450 So.2d at 1186; Dent v. State, 432 So.2d 163 (Fla. 4th DCA 1983); G.H. v. State 414 So.2d 1135 (Fla. 1st DCA 1982).
*1266 Accordingly, we affirm the order under review.