PER CURIAM.
The defendant, Bernard Bradley, appeals from an order requiring him to pay restitution. We affirm.
The defendant was charged by information with leaving the scene of an accident involving personal injury. The defendant *981 initially pled not guilty, but changed his plea to nolo contendere. The trial court withheld adjudication and placed the defendant on probation for one year. In open court, the defendant agreed to pay restitution as a condition of probation; the amount was to be determined at a later date.
At the restitution hearing, defense counsel objected to the imposition of restitution, arguing that the state had failed to show any causation between the defendant’s act of leaving the scene of the accident and the victim’s injuries. The court entered a civil order of restitution in the amount of $31,-001.90.
As part of the defendant’s plea, he agreed to pay restitution to the victim. Since the plea agreement contemplated the restitution ordered, the defendant is es-topped from raising the alleged illegality of the condition. See Pollock v. Bryson, 450 So.2d 1183 (Fla. 2d DCA 1984). Moreover, the record indicates that the trial court complied with the requirements of Fresneda v. State, 347 So.2d 1021 (Fla.1977) and afforded the defendant the required notice of the proposed restitution order and the required hearing as to the amount of restitution. See also Kirkland v. State, 575 So.2d 1315 (Fla. 2d DCA 1991); Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 99 (Fla.1979).
For the foregoing reasons, we affirm the order of restitution.