625 So.2d 977 (1993)
Arthur WINBORN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03688.
District Court of Appeal of Florida, Second District.
October 22, 1993.
James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Arthur Winborn attacks both his conviction for grand theft and the amount of restitution imposed. We affirm the conviction without discussion. We reverse the trial court's restitution order and remand for further proceedings.
When the state seeks restitution it has the burden of proving the amount of the victim's loss by a preponderance of the evidence. § 775.089(7), Fla. Stat. (1991); Thomas v. State, 581 So.2d 992 (Fla. 2d DCA 1991). At Winborn's restitution hearing, the prosecutor merely stated the amount the victims had told him they claimed. The victims themselves did not testify nor did they submit receipts, inventories, or the like, to establish the amount of their loss. The state must prove the amount owed with competent evidence. Thomas. The prosecutor's representation of the victims' assertions did not meet this standard. We reverse the award of restitution with instructions to the trial court to hold another hearing and to require the state to present competent evidence of the victims' loss. The trial court should also hear evidence on Winborn's ability to pay. Pope v. State, 575 So.2d 307 (Fla. 2d DCA 1991).
*978 The restitution order is reversed and remanded for proceedings consistent with this opinion.
PARKER and BLUE, JJ., concur.