635 So.2d 110 (1994)
Billie J. MASSIE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03564.
District Court of Appeal of Florida, Second District.
April 6, 1994.
*111 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant challenges a $6,000 restitution award resulting from his grand theft conviction. As the appellant contends, and the state concedes, the state failed to put on evidence regarding the amount of the victim's loss. Thus, we reverse the restitution award and remand for a new restitution hearing. See § 775.089(7), Fla. Stat. (Supp. 1992); Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993). At the hearing on remand, however, the appellant is not entitled to present evidence as to his ability to pay because he agreed to pay restitution as part of his plea agreement and he did not seek to present evidence at the original restitution hearing regarding an inability to pay. See Blasco v. State, 601 So.2d 1264 (Fla. 3d DCA 1992). Of course, in any subsequent enforcement proceeding based on the appellant's failure to comply with the restitution provisions of probation, the appellant may defend based on his financial inability to pay. See § 948.06(4), Fla. Stat. (1991).
Reversed and remanded.
THREADGILL, A.C.J., and PATTERSON and FULMER, JJ., concur.