655 So.2d 1270 (1995)
George TRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00355.
District Court of Appeal of Florida, Second District.
June 2, 1995.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
George Trice seeks review of sentencing issues in connection with his plea of nolo contendere to three counts of armed robbery. We affirm his habitual felony offender sentencing, but reverse the trial court's orders imposing fees for court-appointed counsel and restitution.
*1271 Where the state has introduced unrebutted evidence of the defendant's prior convictions, the court's failure to make the requisite findings of fact required by section 775.084(1)(a), Florida Statutes (1993), is harmless error. Herrington v. State, 643 So.2d 1078 (Fla. 1994); State v. Rucker, 613 So.2d 460 (Fla. 1993). Because the unrebutted evidence here warrants sentencing under the habitual felony offender statute, any error is harmless.
We agree, however, with the appellant that the order imposing attorney's fees pursuant to section 27.56(1)(a), Florida Statutes (1993), must be reversed because the fees were assessed without affording him the opportunity to object to the amount of the assessment. See Wilson v. State, 651 So.2d 1302 (Fla. 2d DCA 1995); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Farmer v. State, 617 So.2d 447 (Fla. 2d DCA 1993); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). On remand, Mr. Trice shall have thirty days from the date of the mandate within which to file a written objection to the amount assessed. If an objection is filed with the trial court, the assessment shall be stricken and a new assessment shall not be imposed without notice and hearing pursuant to Florida Rule of Criminal Procedure 3.720(d)(1).
The appellant is also correct concerning the lack of notice or opportunity to be heard on the amount of the restitution award. See Massie v. State, 635 So.2d 110 (Fla. 2d DCA 1994); Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993). We, therefore, reverse the restitution award and remand for a new restitution hearing.
Affirmed in part, reversed in part and remanded for further proceedings.
BLUE and QUINCE, JJ., concur.