RYDER, Judge.
Joshalyn Ronan challenges the trial court’s order awarding restitution to two individuals who were victims of appellant’s offenses of burglary and aggravated battery. We conclude that the evidence was sufficient to prove the amount of restitution for the burglary. But no evidence was adduced to support the restitution award for medical expenses incurred by the aggravated battery victim. We, therefore, affirm the first restitution award, reverse the second and remand for further proceedings to establish the amount of restitution for medical expenses.
Ronan entered a plea of no contest to one RICO count pursuant to a negotiated plea agreement, and the state filed a nolle prose-qui as to the remaining offenses. Appellant agreed to pay restitution for his participation in the burglary of Mr. Linnenbach’s home and for out-of-pocket medical expenses for Mr. Geresi, the aggravated battery victim. Appellant and three codefendants are jointly and severally liable for the restitution award to Mr. Linnenbach. After an evidentiary hearing, the trial judge entered an order awarding Mr. Linnenbach the sum of $31,-701.20 and Mr. Geresi the sum of $2,318.40.
Turning first to the award to Mr. Geresi, no evidence of his medical expenses was adduced to support the restitution award. The burden of demonstrating the amount of loss sustained by a victim of the offense is on the state attorney. § 775.089(7), Fla.Stat. (1993). Because the state failed to put on evidence regarding the amount of Mr. Geresi’s loss, we reverse that portion of the restitution award and remand for a new restitution hearing. Massie v. State, 635 So.2d 110, 111 (Fla. 2d DCA 1994); Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993). At the hearing on remand, however, the appellant is not entitled to present evidence as to his ability to pay because he agreed to pay restitution as part of his plea agreement and he did not seek to present evidence at the original restitution hearing regarding an inability to pay. Massie, 635 So.2d at 111; Blasco v. State, 601 So.2d 1264 (Fla. 3d DCA 1992). The appellant may, however, defend against any subsequent enforcement proceeding based on his financial inability to pay. See § 948.06(4), Fla.Stat. (1993); Massie, 635 So.2d at 111.
Turning to the restitution award for Mr. Linnenbach, we conclude that the preponderance of the evidence supported the trial court’s order of $31,701.20 for the burglary of cash receipts from his bakery business, electronic equipment, jewelry and clothing. We, therefore, affirm the restitution award as to Mr. Linnenbach.
Affirmed in part, reversed in part and remanded for further proceedings.
THREADGILL, C.J. and WHATLEY, J., concur.