PER CURIAM.
We affirm the appellant’s jury convictions for sale of cocaine and driving with a suspended license. We determine, however, that the trial court erred in assessing $2 in costs pursuant to section 943.25(13), Florida Statutes (1993), and strike that cost item. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).[1] We also conclude that the trial court erred in assessing $1,000 in attorney’s fees pursuant to section 27.56(l)(a), Florida Statutes (1993), without affording the appellant an opportunity to object to the amount of the assessment. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). Accordingly, on remand, appellant shall have thirty days from the date of our mandate to file a written objection to the amount of these fees. If such an objection is filed, the trial court shall strike the assessment and shall not impose a new assessment until appellant is afforded notice and hearing in compliance with Florida Rule of Criminal Procedure 3.720(d)(1). Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995).
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and BLUE and LAZZARA, JJ., concur.

. We reject appellant's arguments regarding the imposition of other costs and a fine.