PER CURIAM.
The appellant, Michael Todd Garrett, challenges the trial court’s order directing him to pay restitution in the amount of $37,158.73. We reverse.
The state charged the appellant with grand theft and committing an unlawful financial transaction in violation of sections 812.014 and 896.101, Florida Statutes (1993). The appellant entered a plea of nolo conten-dere to both charges and was adjudicated guilty and sentenced to serve a period of community control followed by probation. The trial court also imposed an order requiring the appellant to pay restitution to the victim as a special condition of his probation.
The appellant filed a timely notice of appeal which only challenged the amount of restitution that he was ordered to pay.
When the state seeks restitution, it has the burden of proving the victim’s loss by a preponderance of the evidence. Winbom v. State, 625 So.2d 977 (Fla. 2d DCA 1993). In this case, the state failed to meet that burden. The court ordered the appellant to pay restitution in the amount of $37,158.73. The evidence submitted by the state was sufficient to establish the amount of funds originally expended by the victim and to establish that a definite amount of those funds was returned to her. This evidence, however, does not permit a finding that the appellant should be ordered to pay the amount of restitution that the court ordered. We, accordingly, reverse and remand for a new restitution hearing to determine the victim’s net loss which was caused by the appellant’s crimes.
Reversed and remanded with instructions.
THREADGILL, C.J., and SCHOONOVER and WHATLEY, JJ., concur.