687 So.2d 325 (1997)
Bryan L. STOCKS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1474.
District Court of Appeal of Florida, Fifth District.
January 31, 1997.
*326 Christopher W. Boyden, North Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Chief Judge.
The appellant was adjudicated guilty of criminal mischief after he discharged a rifle in a motel room which damaged a headboard, mirror, door and a portion of a wall. At the restitution hearing, an employee of the victim testified that he estimated the damage to the motel room to be $3289.57. This figure included $2,025 for the amount of time the room was off the market. The trial court properly disallowed the lost profits claim, see Osteen v. State, 616 So.2d 1215 (Fla. 5th DCA 1993), but did allow the full amount of the estimated cost of labor for two craftsmen for two full days and three maids for eight hours each to repair the damages.
The allowance of these expenses was error because, when questioned by appellant's attorney as to whether such time was actually expended, the victim's witness testified that the time figures were estimated before the work was completed, and he had no idea why, or if, it took three maids each a full day to clean up the debris left by the workmen. As to the actual time spent by the workmen themselves, the employee believed the actual time was a little higher than estimated, but that he would "have to check [his] records." No such records, however, were offered.
The state, in seeking restitution, has the burden of proving the amount of the victim's loss by a preponderance of the evidence. Winborn v. State, 625 So.2d 977 (Fla. 2d DCA 1993). Because the appellant challenged the time estimates that were presented, the state had the further burden of presenting proof of the actual time spent in repairing the damages. See Loos v. State, 585 So.2d 1181 (Fla. 5th DCA 1991). The restitution order is affirmed as to the costs of the headboard and mirror, $180.33, but remanded for a factual determination of the remaining costs including the actual time spent by the craftsmen and maids to repair the damages. See Garrett v. State, 684 So.2d 305 (Fla. 2d DCA 1996).
AFFIRMED IN PART; VACATED IN PART; REMANDED.
W. SHARP and GOSHORN, JJ., concur.