CAMPBELL, Acting Chief Judge.
Appellant challenges his judgment and sentence for accessory after the fact to robbery and possession of a motor vehicle with an altered identification number in two separate cases. He pled no contest to both charges in exchange for three years probation in each ease and a withhold of adjudication. We affirm his conviction and sentence. We find merit, however, in the two issues raised on appeal regarding certain conditions of his probation and the imposition of costs and fees and remand for those reasons.
In appellant’s first issue concerning conditions of his probation, he contends that the court erred in ordering him to undergo random drug and alcohol testing and a substance abuse evaluation since neither of his convictions related to drug or alcohol abuse. Since the record reveals otherwise, we disagree.
Next, appellant challenges condition eighteen, which prohibits him from consuming or possessing any alcohol or illegal drugs, forbids association with persons who use alcohol or illegal drugs, and prohibits him from frequenting places where alcohol is the main source of business or illegal drugs are used. At sentencing, the trial court stated: “Random drug and alcohol testing. They’re going to check you for that and complete an evaluation.” The written condition imposed was more broad than the oral pronouncement as it pertained to possession and consumption of alcohol and association with persons who use alcohol. On remand, the court may again impose random alcohol and drug testing as pronounced as well as the standard conditions pertaining to drugs and intoxicants contained in Florida Rule of Criminal Procedure 3.986 and section 948.03, Florida Statutes (1995).
Although not raised by appellant, we note that condition twenty, which requires appellant to submit to and pay for a drug or alcohol evaluation and successfully complete any recommended treatment program, was not orally pronounced by the trial court. Therefore, the portion of this condition requiring appellant to pay for a drug and alcohol evaluation must be stricken. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). It may not be reimposed on remand since it was not orally announced. Justice v. State, 674 So.2d 123 (Fla.1996).
Appellant’s next issue concerns the imposition of certain costs. He argues that the court erred in imposing $300 in costs in each case since the maximum amount that can be imposed under the statutes is $200. We agree. It is clear from the transcript and the probation order that the court imposed a total of $300 in costs in each case. The judgment/hen states that the court imposed $300 in costs in each case and no fine. The judgment in both cases reflects that appellant was ordered to pay $50 pursuant to section 960.20, Florida Statutes (1995); $3 pursuant to section 943.25(3), Florida Statutes (1995); $2 pursuant to section 943.25(8), Florida Statutes (1995); and additional court costs in the amount of $245 pursuant to section 27.3455(1), Florida Statutes (1995).
Section 27.3455(1), Florida Statutes (1995) provides for a mandatory cost of up to $200 to be imposed in each case where the defendant pleads nolo to a felony offense. Thus, the $245 assessment exceeds the amount allowed by statute by $45. We therefore strike these costs and remand for correction in an amount not to exceed that provided for under the statute. On remand, the trial court is also directed to correct the section of the statute cited in its $2 assessment from section 943.25(8), Florida Statutes (1995) to 943.25(13), Florida Statutes (1995).
Finally, we agree with appellant’s argument that the court erred in assessing $156 in public defender’s fees and costs. The transcript reveals that the court asked the public defender the amount of the fee, and counsel replied $150. The court then imposed that amount, told appellant that all of his monetary obligations were due and pay *875 able within the first year of his probation, and informed him that he had thirty days to appeal. (The order provides for the $150 fee and $6 in other costs). Since appellant was never advised of his right to a hearing to contest the amount of the lien pursuant to Florida Rule of Criminal Procedure 3.720(d)(1), we remand this case with instructions that appellant be given thirty days to file a written objection to the amount of the lien. If an objection is filed, the assessment should be stricken and a new assessment not imposed without notice and a hearing. Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992); Bull v. State, 548 So.2d 1103 (Fla.1989).
FRANK and PARKER, JJ., concur.