PATTERSON, J.
Stephen Penty challenges certain probation conditions and costs imposed upon him as part of his sentence for aggravated assault. We strike the condition requiring him to pay for evaluation and treatment for drug or alcohol abuse because it is a special condition of probation which was not pronounced at sentencing. See Fennell v. State, 694 So.2d 873 (Fla. 2d DCA 1997). We also strike the condition prohibiting Penty from consuming alcohol because it was not pronounced at sentencing. See Fennell, 694 So.2d at 874. The condition requiring Penty to work faithfully at suitable employment must be modified to add the phrase “insofar as may be possible.” See Washington v. State, 685 So.2d 858 (Fla. 2d DCA 1996); Godley v. State, 659 So.2d 447 (Fla. 2d DCA 1995).
Penty’s argument that the trial court failed to announce the condition requiring him to pay for random testing for the presence of drugs or alcohol has no merit. The trial court stated at sentencing that Penty was to submit to “random urinalysis at the defendant’s expense.”
Penty correctly argues that the trial court erred in failing to advise him of his right to contest the amount of the public defender’s lien. Therefore, we remand this case to the trial court to give Penty thirty days from the date of this mandate to file an objection in the trial court. If he files an objection, the cost must be stricken. The cost may be reimposed with proper notice and a hearing. See Fla.R.Crim.P. 3.720(d)(1); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). The other costs that Penty claims were imposed without notice are all mandatory and need not be pronounced at sentencing. Further, as the State points out, Penty *2 agreed to pay up to $800 in costs in his plea agreement.
Affirmed in part and remanded; certain probation conditions stricken or modified.
CAMPBELL, A.C.J., and FRANK, J., concur.