NORTHCUTT, Chief Judge.
C.M.S. challenges the amount of restitution and the assessment of court costs ordered after he pleaded no contest to several theft-related charges. We reverse.
The victim, an air conditioning technician, testified at the plea hearing that he discovered the theft of his work tools when he arrived at a job site on a Friday morning. Because he was unable to work without his tools, he spent $575.55 to replace the most critical items, but he did not replace everything that had been stolen. Later, he recovered his stolen tools from a pawn shop by paying an additional $70. Based on this testimony, the State sought restitution of $645.55. In opposition, C.M.S. argued that restitution should be based on only the fair market value of the tools. The circuit court rejected this argument, concluding that the replacement cost was necessary to make the victim whole. On appeal, C.M.S. continues to argue that restitution must be based on the fair market value of the stolen property. We disagree.
Rather than prescribing a method for determining restitution, the legislature has given discretion to the courts in making these awards. See § 775.089(l)(a), Fla. Stat. (2006) (directing court to award restitution for “[djamage or loss caused directly or indirectly by the defendant’s offense” or “related to the defendant’s criminal episode” but not otherwise specifying method for computing such damage or loss). Fair market value is often used to determine restitution, but it is not the only permissible basis. Dickens v. State, 556 So.2d 782 (Fla. 2d DCA 1990) (affirming restitution amount based on victim’s out-of-pocket cost and noting that fair market value is appropriate but not exclusive method for determining restitution), approved, State v. Hawthorne, 573 So.2d 330, 333 (Fla.1991) (holding “that a court is not tied to fair market value as the sole standard for determining restitution amounts”). Given the victim’s immediate need to replace the stolen tools, we conclude that the circuit court did not abuse its discretion in basing the restitution award on the victim’s out-of-pocket costs.
We do agree, however, that the amount of restitution should have been reduced by the value of the recovered property. See Bowman v. State, 698 So.2d 615 (Fla. 2d DCA 1997). As in Bowman, it was incumbent upon the State to present evidence of the value of the recovered property in order to carry its burden of proving the amount of the victim’s loss. Therefore, we reverse the restitution award and remand for a new restitution hearing.
C.M.S. also challenges a $50 court cost, assessed under section 775.083(2), Florida Statutes (2006). The State concedes that this cost may be assessed against a juvenile only when he or she is adjudicated delinquent. See § 775.083(2) (providing for assessment when one is “adjudicated delinquent”); T.L.S. v. State, 949 So.2d 290 (Fla. 5th DCA 2007) (striking cost under § 775.083(2) when juvenile’s adjudication of delinquency withheld). Adjudication was withheld in this case. Therefore, on remand the circuit court shall strike this cost.
Reversed and remanded with directions.
FULMER and SILBERMAN, JJ., Concur.