SILBERMAN, Judge.
William Grover Redden, III, was convicted of arson and appeals a restitution order that requires him to pay $50,000 in restitution to his mother. We agree with the State’s concession that the evidence was insufficient to support the restitution award; therefore, we reverse the restitution order and remand for a new restitution hearing.
Redden entered a guilty plea to arson of a house that his mother and her former husband owned. At the restitution hearing, Redden’s mother, Teresa Moura, testified by telephone. Her former husband had stopped making mortgage payments on the house in August of 2007, and the arson occurred in October 2007, leaving the house uninhabitable. Moura testified that at one time the mortgage balance was $340,000 which included penalties and interest for nonpayment. At the time of the restitution hearing, the house was in foreclosure. When asked about her ownership interest in the house, Moura testified that pursuant to the divorce decree she was to receive $62,500 from her former husband “out of his half of the sale of the house.”
Ms. Moura received an insurance payment of $120,225 but turned the payment over to the mortgage company. She explained that she did not want to oversee repairs on the house because she was afraid of her former husband and did not want him to find her at the house. The house was on the market for sale, and Ms. Moura speculated as to the current value of the house, stating that she would be lucky to sell it for $100,000.
The trial court, based on its knowledge of insurance companies, speculated that the insurance payment of $120,225 was inadequate to cover the cost to repair the damage from the fire. The trial court concluded that the house would have been worth at least $120,000 plus the $50,000 *80 Ms. Moura requested and awarded $50,000 in restitution to her.
On appeal the State concedes that the evidence was insufficient to support the restitution award. In a restitution hearing the State has the burden to prove by the preponderance of the evidence and with competent, substantial evidence the amount of the victim’s loss. See § 775.089(7), Fla. Stat. (2007); Gilileo v. State, 923 So.2d 612, 614 (Fla. 2d DCA 2006). The State failed to present sufficient evidence of the value of the house before and after the fire that would allow the court to determine the amount of damage the fire caused. In addition, while Ms. Moura was to receive payment from her former husband after sale of the house, her interest in the house itself at the time of the fire was not established. The State acknowledges that it failed to present sufficient evidence to establish that the insurance proceeds did not fully compensate Ms. Moura for the damages from the fire. Other than the amount of the insurance payment, the State presented no evidence of the amount of damage the fire caused. See Stocks v. State, 687 So.2d 325, 326 (Fla. 5th DCA 1997) (remanding for further restitution hearing on the cost to repair property damaged as a result of the defendant’s criminal mischief). Thus, the evidence did not support a restitution award of $50,000.
Therefore, we reverse the restitution award and remand for a new restitution hearing. See C.M.S. v. State, 997 So.2d 520, 521 (Fla. 2d DCA 2008); Bowman v. State, 698 So.2d 615, 616 (Fla. 2d DCA 1997).
Reversed and remanded.
DAVIS and CRENSHAW, JJ., Concur.