647 So.2d 993 (1994)
Ronnie PLATT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03453.
District Court of Appeal of Florida, Second District.
December 16, 1994.
Warren R. Ross, Wotitzky & Wotitzky, Punta Gorda, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ettie Feistmann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant, Ronnie Platt, challenges the trial court's final judgment which ordered the assessment of public defender fees and costs against the appellant and in favor of Charlotte County. We find that the trial court was untimely in ordering the assessment of public defender fees and costs and, accordingly, reverse the final judgment.
The appellant pled nolo contendere to the crimes of second degree murder, burglary of a dwelling with an assault, robbery, and burglary of a dwelling, in violation of sections 782.04, 810.02, and 812.13(2)(c), Florida Statutes (1985). On March 25, 1988, the trial court adjudicated him guilty of those crimes and the appellant was sentenced. At the sentencing hearing, there was no discussion regarding public defender fees and costs or the appellant's right to a hearing to contest the amount of the lien. More than five years later, on May 3, 1993, the Charlotte County Attorney's Office filed what they referred to as an amended notice of hearing for the assessment of public defender fees and costs. The trial court subsequently ordered the assessment of attorney's fees in the amount of $2087.50 and costs in the amount of $3961.35 against the appellant and in favor of Charlotte County. The appellant filed a timely notice of appeal.
The appellant first contends, and the state concedes, that the state waived its right to seek the imposition of a lien for public defender fees and costs. We agree with the appellant's contention.
Section 27.56(1)(a), Florida Statute (1985), provides in part that:

*994 The court having jurisdiction over any defendant who has been determined to be guilty of a criminal act by a court or jury or through a plea of guilty or nolo contendere and who has received the assistance of the public defender's office ... may assess attorney's fees and costs against the defendant. At the sentencing hearing or at such stage in the proceedings as the court may deem appropriate, the public defender, ... representing such defendant shall move the court to assess attorney's fees and costs against the defendant.
In addition, Florida Rule of Criminal Procedure 3.720(d)(1) provides that notice of the accused's right to a hearing to contest the amount of the lien for public defender fees and costs shall be given at the time of sentencing. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992).
In the instant case, the state waived its right to seek the imposition of a lien for public defender fees and costs because it failed to give notice to the appellant, at sentencing, of his right to contest the amount of the lien and to have it set for a hearing. Furthermore, since over five years had elapsed from the time of the appellant's sentencing until the proper notice was filed regarding the assessment of the lien, the statute of limitations had run pursuant to section 95.11(3)(f), Florida Statutes (1985).
The appellant next contends that the request for the imposition of a lien for public defender fees and costs was improperly initiated by Charlotte County. We reject that contention since section 27.56(2)(a), Florida Statutes (1985), provides that when the payment of attorney's fees or costs has been ordered by the court, a lien is created in the name of the county in which such assistance was rendered.
We, accordingly, reverse and remand with instructions to strike the imposition of public defender fees and costs against the appellant.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and PARKER and PATTERSON, JJ., concur.