RYDER, Acting Chief Judge.
Counsel for Bobby Taylor has filed an Anders[1] brief suggesting three issues for our review. After careful consideration, we have found no error in the court’s denial of his motion to suppress his confession, and affirm.
We strike the $2.00 cost imposed pursuant to section 943.25(13), Florida Statutes (1993), because it is a discretionary cost not announced at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en bane). An additional cost/fine of $33.00 must also be stricken because it was not announced at sentencing and the court gave no statutory authority for its imposition. See Reyes; Barnes v. State, 658 So.2d 538 (Fla. 2d DCA 1995). The court imposed a fee of $300.00 for the public defender’s services without giving Taylor prior notice or the opportunity to be heard. This fee is also stricken. See Platt v. State, 647 So.2d 993 (Fla. 2d DCA 1994).
The state concedes that, under the plea agreement, the sentences in this case were to run concurrently with sentences imposed in a previous case, and that the sentencing documents do not completely reflect this arrangement. The lower court is directed to correct the documents in this case to show that the sentences in the two cases will run concurrently.
Affirmed in part, costs and fees stricken and remanded for correction of sentence.
FRANK and PATTERSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).