673 So.2d 880 (1996)
Arthur BELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00406.
District Court of Appeal of Florida, Second District.
March 22, 1996.
Rehearing Denied May 1, 1996.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
The appellant challenges his judgment and sentences for delivery of cocaine and possession of cocaine. His appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We agree with counsel that there are no meritorious grounds for appeal as to the appellant's convictions and, therefore, affirm. However, we reverse the appellant's habitual offender sentence for possession of cocaine and remand for resentencing.
The trial court sentenced the appellant as a habitual offender to thirty years for delivery of cocaine and ten years for possession of cocaine. His sentences were suspended and he was placed on two years' community control and two years' probation. Although the appellant's sentence was properly enhanced for delivery of cocaine under *881 the habitual offender statute, the appellant can not receive a habitual offender sentence for possession of cocaine. See § 775.084(1)(a)3., Fla.Stat. (1993); Perez v. State, 647 So.2d 1007 (Fla. 3d DCA 1994) (section 775.084(1)(a)3. does not permit habitualization of defendant when offense is possession of a controlled substance).
In addition, the trial court erred in imposing a public defender's lien of $500 without providing the appellant notice or an opportunity to object. The appellant may contest the attorney's fees under Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992) (appellant can have fees stricken by filing an objection in the trial court within thirty days of mandate; fees may be reimposed after notice and hearing).
Finally, the court imposed $255 in court costs and $100 for a "drug fund" without stating the statutory authority for the imposition of these costs. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994) (written order must contain appropriate citation to statute authorizing cost). Thus, we strike those costs without prejudice to the state to seek reimposition of statutorily mandated costs on remand.
Reversed and remanded.
ALTENBERND and LAZZARA, JJ., concur.