FRANK, Acting Chief Judge.
James Calvin Washington was charged with and convicted of possession of cocaine and cannabis. He appeals from his judgment and sentence urging two notions, i.e., that an unidentified informant’s tip was insufficient to justify his detention and that certain costs and conditions of probation imposed at sentencing were improper.
For the reasons which follow, we find Washington’s first argument meritless and we affirm his convictions. The record indicates that the contraband was abandoned during Washington’s flight from police and, thus, was not subject to suppression. See California v. Hodari D., 499 U.S. 621, 629, 111 S.Ct. 1547, 1552, 113 L.Ed.2d 690, 699 (1991); State v. Wright, 662 So.2d 975, 976 (Fla. 2d DCA 1995). Moreover, even if abandonment had not occurred, the quality of the informant’s tip in this case is equivalent to the tip found adequate in Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), justifying an investigatory stop.
We are compelled, however, to strike certain costs imposed at sentencing: a $33 cost imposed without statutory authority, see Taylor v. State, 664 So.2d 1113, 1114 (Fla. 2d DCA 1995); a cost of $2 imposed pursuant to section 943.25(13), Florida Statutes (1993), without oral pronouncement, see Taylor, 664 So.2d at 1114; a lab fee of $100 to the Florida Department of Law Enforcement imposed without documentation or inquiry into Washington’s ability to pay, see § 939.01, Fla.Stat. (1993), Reyes v. State, 655 So.2d 111, 118-19 (Fla. 2d DCA 1995); finally, a $300 public defender’s lien imposed without “notice of [Washington’s] right to a hearing to contest the amount of the lien” as required by Florida Rule of Criminal Procedure 3.720(d)(1), see Trice v. State, 655 So.2d 1270, 1271 (Fla. 2d DCA 1995).
Washington’s challenge to several probationary conditions is resolved by State v. Hart, 668 So.2d 589 (Fla.1996). In the light of Hart, we affirm the probationary conditions with the following exceptions. Condition six requiring Washington to “work faithfully at suitable employment” is modified to include the phrase “insofar as may be possible.” See § 948.03(l)(c), Fla.Stat. (1993); Godley v. State, 659 So.2d 447 (Fla. 2d DCA 1995). Condition eight requiring Washington to submit to alcohol and controlled substance testing is modified to strike that portion which requires him to pay for such testing. See Nank v. State, 646 So.2d 762, 764 (Fla. 2d DCA 1994).
Washington’s convictions are affirmed; certain costs stricken, and probation conditions six and eight modified.
FULMER and QUINCE, JJ., concur.