PER CURIAM.
Dwight Tisdale was convicted of sale and possession of cocaine in violation of section 893.13, Florida Statutes (1995). We affirm appellant’s convictions but reverse his sentence on the possession charge because drug possession convictions are not subject to habitual offender sentencing.
Tisdale was sentenced to 15 years’ imprisonment for sale of cocaine and 5 years’ imprisonment for cocaine possession. He was adjudicated a habitual felony offender on both offenses. Section 775.084(l)(a)3, Florida Statutes (1995), expressly provides that purchase and possession of controlled substances are felonies not subject to habitual offender sentencing. See Belton v. State, 673 So.2d 880 (Fla. 2d DCA 1996)(a defendant can not receive a habitual offender sentence for possession of cocaine).
Appellant’s scoresheet indicates that the recommended guidelines sentence for this offense was 4jé — 5/é years. Thus, while the trial court erred by adjudicating appellant a habitual felony offender as to the possession charge, the court actually imposed a sentence well within the recommended guidelines range. We therefore remand the case with directions to remove the habitual offender designation from the trial court’s sentencing order on count II, possession of cocaine. Appellant’s sentence is affirmed in all other respects.
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.