695 So.2d 889 (1997)
Charles L. KIRBY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03568.
District Court of Appeal of Florida, Second District.
June 20, 1997.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles L. Kirby, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy I. Martinell, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Charles L. Kirby, challenges the judgment and sentence imposed upon him after he was adjudicated guilty of possession of a firearm by a convicted felon. We find that the trial court erred by requiring the appellant to pay certain costs and attorney's fees, but affirm the court in all other respects.
The appellant, after reserving the right to appeal the denial of a motion to suppress certain evidence, pled nolo contendere to the charge of possession of a firearm by a convicted felon. At the appellant's sentencing hearing, the court orally ordered the appellant to pay $255 in court costs and $300 in attorney's fees. The oral pronouncement, and the subsequent written order, did not refer to the statutory authority for these amounts. The appellant filed a timely notice of appeal from the judgment and sentence imposed upon him.
After appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991), the appellant filed a pro se brief. The appellant, in addition to raising points which do not require further discussion, properly challenged the court *890 costs and attorney's fees assessed against him.
Since $253 of the $255 costs assessed in this matter were mandatory court costs, the trial court was not required to orally announce the dollar amount nor cite the statutory authority for the imposition of these costs. Lewis v. State, 671 So.2d 295 (Fla. 2d DCA 1996); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). These costs must be stricken, however, because the trial court in its written order did not set forth the statutory authority for their imposition. The statutory authority for all costs imposed, whether they are mandatory or discretionary, must be cited in the written order. Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996); Belton v. State, 673 So.2d 880 (Fla. 2d DCA 1996); Reyes, 655 So.2d at 119. The remaining $2 was a discretionary cost imposed pursuant to section 943.25(13), Florida Statutes (1995). The court erred by failing to individually announce the $2 cost, failing to cite the statutory authority for its imposition, and by not setting forth the proper statutory authority in its written order. Taylor v. State, 664 So.2d 1113 (Fla. 2d DCA 1995); Reyes, 655 So.2d at 116. Therefore, it must be stricken.
The $300 attorney's fee must also be stricken. Although the trial court announced the amount at appellant's sentencing hearing, it did not announce the statutory authority for its imposition and did not properly advise the appellant of his right to a hearing to contest this amount. Fla. R. Crim. P. 3.720(d)(1); Washington v. State, 685 So.2d 858 (Fla. 2d DCA 1996).
We, accordingly, strike attorney's fees and costs. Upon remand the state may seek reimposition of both items. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Affirmed in part, reversed in part, and remanded for further proceedings.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.