VILLANTI, Judge.
 

 Johnny Mack Vick, Jr., appeals his conviction and sentence for felony battery. We affirm his conviction and sentence without comment. However, we reverse two costs imposed by the trial court, and we remand for further proceedings limited to those costs.
 

 Vick argues that the trial court erred because its written order imposed a lump sum of $664
 
 [1]
 
 in “mandatory court costs” without identifying the statutory basis for those costs. These costs were not mentioned at the sentencing hearing and are not explained in the written order. We have been unable to decipher their basis. Vick preserved this sentencing error by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court did not rule on the motion within 60 days; thus, it is deemed denied. Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B). “The statutory authority for all costs imposed, whether they are mandatory or discretionary, must be cited in the written order.”
 
 Kirby v. State,
 
 695 So.2d 889, 890 (Fla. 2d DCA 1997). Therefore, we strike the $664 in unidentified costs. On remand, the trial court may reimpose these costs if it provides statutory authority for their assessment.
 

 Vick also argues that the trial court erred in orally imposing a $150 cost of prosecution because the cost was not requested by the State and because no supporting documentation was presented for this cost. However, this issue was not preserved for appellate review.
 
 See Rivera v. State,
 
 34 So.3d 207 (Fla. 2d DCA 2010) (holding that imposition of prosecution costs was not preserved for appellate review because the defendant did not raise a contemporaneous objection at the sentencing hearing when the trial court announced that it was imposing those costs).
 

 Finally, Vick argues that the trial court erred in orally imposing a $150 lien
 
 *953
 
 to the public defender’s office without giving him notice of his right to a hearing to contest the amount of the lien. Florida Rule of Criminal Procedure 8.720(d)(1) provides that a defendant must be advised at the time of sentencing of his right to a hearing to contest the amount of any public defender lien imposed.
 
 See also
 
 § 938.29(5), Fla. Stat. (2007). Because Vick was not advised of his right to a hearing to contest the amount of the public defender lien, we reverse and direct the trial court to strike the lien.
 
 See McMillan v. State,
 
 8 So.Sd 1237, 1238 (Fla. 2d DCA 2009) (reversing public defender fee where trial court did not advise the defendant that he had a right to contest the fee at a hearing);
 
 Webster v. State,
 
 998 So.2d 655, 656-57 (Fla. 2d DCA 2009) (same). On remand, Vick shall have thirty days from this court’s mandate to file a written objection to the public defender lien amount assessed.
 
 See Webster,
 
 998 So.2d at 657. If Vick files an objection, the trial court shall hold a hearing; if he fails to timely object, the trial court may reimpose the lien.
 
 Id.
 

 Affirmed in part, reversed in part, and remanded.
 

 SILBERMAN and MORRIS, JJ., Concur.
 

 [1]
 

 . The written order imposed a total lump sum of $984 in "mandatory court costs.” We were able to identify the basis for $320 of those costs, which costs Vick concedes. That leaves $664 in unidentified lump sum costs. We also note that the "Prosecution/Investigative Costs” box was not marked in the written order assessing costs.