DAVIS, Judge.
 

 Joshua Jermaine Neal challenges the revocation of the probation that he had been serving on one count of felon in possession of a firearm. We affirm the revocation of Neal’s probation without comment. However, because the record before us indicates an error in the imposition of a public defender’s lien and an error on the face of the revocation order, we reverse the lien and remand for correction of the errors.
 

 The transcript of the sentencing hearing indicates that the trial court did not give Neal notice of his right to a hearing to contest the amount of the $100 public defender’s lien that was imposed as part of his sentence.
 
 [1]
 
 This was error.
 
 See
 
 Fla. R.Crim. P. 3.720(d)(1) (“Notice of the accused’s right to a hearing to contest the amount of the [public defender’s] lien shall be given at the time of sentence.”). As such, we reverse the imposition of the
 
 *1278
 
 public defender’s lien and remand to the trial court with instructions to strike the lien and afford Neal the opportunity to properly object to the amount imposed.
 
 See Vick v. State,
 
 37 So.3d 951, 953 (Fla. 2d DCA 2010).
 

 Additionally, the revocation order contains an error on its face in that it indicates that Neal admitted the alleged violations of his probation. This is incorrect as a hearing was held on the allegations. On remand, the trial court also shall correct this scrivener’s error.
 

 Neal’s appellate counsel also points out that it appears that the trial court’s fee order does not comport with its oral imposition of fees at the sentencing hearing. At sentencing, the trial court orally announced the imposition of the following fees: $100 “cost of prosecution associated with the hearing on your violation, $50 application fee for the Public Defender and [$100] for the attorney’s fee of the Public Defender.” At first blush it does appear that the written fee order contradicts the oral pronouncement by imposing a $300 “Public Defender Assistant Fee” and a $200 “Prosecution/Investigative costs” fee. However, the written revocation order properly reflects the imposition of these costs at $100 each. Our review of the record indicates that the written fee order entered upon revocation of probation simply adds these $100 amounts to the costs previously imposed when Neal was originally convicted in February 2009. The 2009 fee order reflects a $200 public defender’s lien and a $100 prosecution cost. As such, the new fee order encompasses the 2009 costs and the costs incurred as a result of this VOP proceeding. Neal therefore is not entitled to relief on this basis.
 

 In conclusion, we affirm the revocation of Neal’s probation but reverse the imposition of the $100 public defender’s lien for the reasons detailed above and remand to the trial court with instructions to strike the lien. On remand, Neal shall have thirty days from the issuance of this court’s mandate to file a written objection to the amount of the lien.
 
 See Vick,
 
 37 So.3d at 953 (“On remand, Vick shall have thirty days from this court’s mandate to file a written objection to the public defender lien amount assessed. If Vick files an objection, the trial court shall hold a hearing; if he fails to timely object, the trial court may reimpose the lien.” (citing
 
 Webster v. State,
 
 998 So.2d 655, 656-57 (Fla. 2d DCA 2009))). On remand, the trial court also shall correct the scrivener’s error on the revocation order. Neal’s sentence is affirmed in all other respects.
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 KHOUZAM and BLACK, JJ., Concur.
 

 [1]
 

 . This issue has been preserved by Neal via a Florida Rule of Criminal Procedure 3.800(b)(2) motion and brought to this court’s attention by appellate counsel in a brief filed pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).