NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NAJEE SANDERS,

        Appellant,

v.

        Case No.   2D14-3535

STATE OF FLORIDA,

        Appellee.

_____

Opinion filed March 30, 2016.

Appeal from the Circuit Court for
Hillsborough County; Daniel L. Perry,
Judge.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

KELLY, Judge.

        Najee Sanders challenges the revocation of his probation and the
resulting sentence on his underlying conviction for felony battery.  We affirm the
revocation of Sanders' probation and his sentence without comment, but reverse and
remand because the circuit court erred in imposing certain costs.  Sanders preserved

his challenge to this sentencing error by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Although the record reflects that the circuit court granted Sanders' motion, the motion was deemed denied when an amended sentence was not filed within the time specified by rule 3.800(b)(2).

At sentencing, the circuit court orally pronounced that "[m]inimum, mandatory costs [be] imposed as a lien." The written sentence reflects various costs, but provides no statutory basis for their assessment. "The statutory authority for all costs imposed, whether they are mandatory or discretionary, must be cited in the written order." Kirby v. State, 695 So. 2d 889, 890 (Fla. 2d DCA 1997). Therefore, we strike the costs imposed. On remand, the circuit court may reimpose these costs if it provides statutory authority for their assessment. See id.; McGee v. State, 963 So. 2d 931, 932 (Fla. 2d DCA 2007).

Affirmed in part, reversed in part, and remanded with directions.

KHOUZAM and CRENSHAW, JJ., Concur.