NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES TIMOTHY SINGLETARY, )
)
Appellant, )
)
v. )          Case No. 2D14-3500
)
STATE OF FLORIDA, )
)
Appellee. )
_____)

Opinion filed August 10, 2016.

Appeal from the Circuit Court for
Hillsborough County; Daniel Perry, Judge.

Howard L. Dimming, II, Public Defender,
and William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

James Singletary, who was convicted of dealing in stolen property and

providing false information to a pawn broker, appeals his sentences imposed after

revocation of his probation.  Specifically, Singletary challenges the imposition of various

costs without the citation of statutory authority. He preserved this issue by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. The record reflects that this motion was granted, but because a written order was not filed within the time specified, the motion was deemed denied under rule 3.800(b)(2)(B).[1] The State has appropriately conceded error in this appeal. Accordingly, we affirm Singletary's judgments and sentences but strike the costs.

"The statutory authority for all costs imposed, whether they are mandatory or discretionary, must be cited in the written order." Vick v. State, 37 So. 3d 951, 952 (Fla. 2d DCA 2010) (quoting Kirby v. State, 695 So. 2d 889, 890 (Fla. 2d DCA 1997)). On remand, the trial court may again impose these costs if it cites the statutory authority underlying their assessment. See Vick, 37 So. 3d at 952.

Affirmed in part, reversed in part, and remanded with directions.

NORTHCUTT and SLEET, JJ., Concur.

---

[1]A virtually identical situation occurred in Sanders v. State, 189 So. 3d 946 (Fla. 2d DCA 2016).