NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JEREMY CLAYTON GREENE,                 )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D16-4671
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed May 2, 2018.

Appeal from the Circuit Court for Sarasota
County; Thomas Krug, Judge.

Howard L. Dimmig, II, Public Defender, and
Joanna Beth Conner, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Linsey Sims-Bohnenstiehl,
Assistant Attorney General, Tampa, for
Appellee.


KELLY, Judge.

Jeremy Clayton Greene appeals from his convictions and sentences for

attempting to commit a lewd or lascivious act in the presence of a child under the age of

sixteen, driving without a valid license, and possession of an open container. We affirm

his convictions and sentences without comment. However, we reverse and remand

because the circuit court erred in imposing certain costs. Greene preserved this issue by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion was deemed denied when the circuit court did not rule on the motion within sixty days. See Fla. R. Crim. P. 3.800(b)(2)(B); White v. State, 32 So. 3d 132, 132 (Fla. 2d DCA 2010).

"The statutory authority for all costs imposed, whether they are mandatory or discretionary, must be cited in the written order." Sanders v. State, 189 So. 3d 946, 946 (Fla. 2d DCA 2016) (quoting Kirby v. State, 695 So. 2d 889, 890 (Fla. 2d DCA 1997)); see also Singletary v. State, 198 So. 3d 973, 974 (Fla. 2d DCA 2016). Here, the written cost order reflects various costs with no citation to statutory authority. These costs are therefore stricken. On remand, the circuit court may again impose these costs if it provides appropriate statutory authority for their assessment. See Sanders, 189 So. 3d at 946; Vick v. State, 37 So. 3d 951, 952 (Fla. 2d DCA 2010).

Affirmed in part, reversed in part, and remanded with directions.

SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.