HALL, Judge.
John Stewart appeals those parts of his sentences for various offenses imposing fines totalling $60,000 and costs totaling $1000. He contends that the fines are excessive and that the trial court failed to provide adequate notice of its intention to impose court costs and to cite statutory authority for the costs when it orally imposed them at the sentencing hearing. We affirm in part and reverse in part.
We find no merit in any of the arguments the appellant advances in support of his contention regarding the fines. Trial courts are specifically authorized to impose fines in addition to any other authorized penalty. § 775.083, Fla.Stat. (1985). The fact that the appellant is indigent does not preclude imposition of the fines, Nash v. State, 434 So.2d 33 (Fla. 2d DCA), review denied, 438 So.2d 833 (Fla.1983), but if the appellant is unable to pay them, the trial court may defer payment to a date certain. § 775.083(2), Fla.Stat. (1985).
We do find merit in the appellant's contention regarding the court costs. The failure of the trial court to cite statutory authority when it imposed the court costs deprived the appellant of the opportunity to object to the costs. See Brown v. State, 506 So.2d 1068 (Fla. 2d DCA), review denied, 515 So.2d 229 (Fla.1987). Accordingly, we strike the court costs without prejudice to the state to seek to reimpose them. Should the trial court again decide to impose court costs, it must provide the appellant with adequate notice as required by Jenkins v. State, 444 So.2d 947 (Fla.1984).
Affirmed in part, reversed in part, and remanded with directions consistent with this opinion.
SCHOONOVER, A.C.J., and LEHAN, J., concur.