DANAHY, Judge.
In this appeal from convictions and sentences for three counts of sexual battery, the appellant raises five issues and, on cross-appeal, the state raises one. We find merit only in one of the appellant’s issues, i.e., that costs were imposed without proper notice, opportunity to object, or statutory authority and that the written order does not conform to the court’s oral pronouncement at the sentencing hearing. Accordingly, we reverse on this issue on the authority of Daniels v. State, 524 So.2d 1165 (Fla. 2d DCA 1988), and Stewart v. State, 522 So.2d 518 (Fla. 2d DCA 1988). Our reversal is without prejudice to the state to seek costs anew after affording the appellant proper notice and opportunity to be heard.
Addressing briefly one other issue raised by appellant — that the court erred in calling a former girlfriend of the appellant’s as a court witness because the state could not vouch for her credibility — we find error, if any, to be harmless. See London v. State, 13 F.L.W. 2498 (Fla. 4th DCA Nov. 16, 1988).
We turn now to the state’s cross-appeal where we find further reversible error in this case. On the appellant’s sentencing guidelines scoresheet, the court scored the 40 points indicated for “penetration or slight injury.” The state argues that since the appellant was convicted of three separate sexual batteries on this victim, each one involving penetration or slight injury as shown by the evidence adduced at trial, the court should have scored 40 points for each offense, for a total of 120 points for victim injury. The appellant argues in opposition that the sentencing guidelines in effect at the time he committed his crimes (June 1986) made no provision for separate sentences where there were separate penetrations of, or slight injury to, but a single victim. The relevant portion of the committee note to Florida Rule of Criminal Procedure 3.701(d)(7) in effect at that pertinent date stated:
This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.
Thus, the appellant argues, the trial court was correct in scoring only 40 points because there was only one victim. Subsequent to this version of the rule, the supreme court amended rule 3.701(d)(7) to add the following sentence to the committee note:
Victim injury shall be scored additionally for each count where victim injury is an element of each offense at conviction in excess of one count as to each victim.
In explaining the rationale for the revision, the supreme court said that the amendment was intended to clarify the existing language which had been causing confusion. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988 — Sentencing Guidelines), 468 So.2d 220, 221 (Fla.), readopted and re-recommended, 482 So.2d 311 (Fla.1985); enacted in Ch. 86-273, § 2, Laws of Fla. We note the mandatory language of scoring separate offenses causing injury even where there is *488 only one victim injured. Consequently, we must reverse the trial court and remand for a recalculation of the appellant’s guidelines scoresheet to reflect 120 points for victim injury (i.e., 40 points for each of the appellant’s three convictions).
The judgments of the trial court are affirmed, thé sentences are vacated, and the cause is remanded for resentencing in accordance with this opinion.
RYDER, A.C.J., and SCHOONOVER, J., concur.