615 So.2d 792 (1993)
Bobby CASTO, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1127.
District Court of Appeal of Florida, Fifth District.
March 12, 1993.
James B. Gibson, Public Defender, and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Foster, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Bobby Casto entered a plea of nolo contendere to a charge of driving under the influence resulting in serious bodily injury, and the trial court ordered restitution in the amount of $39,418.50 as a condition of probation. Casto contended at the restitution hearing that his ability to pay was hampered by his ninth grade education, his unemployment, and injuries he received both in the accident and on a former job as a block mason. During the hearing, the court stated, "The amount which [Casto] would be required to pay will be as determined by his probation officer, based upon his income, because he's got to go to work."
We agree with the trial court's fulfillment of the obligation to impose restitution pursuant to sections 775.089 and 948.03(1)(e), Florida Statutes (1991), and affirm the order of restitution. We regret that we must vacate that portion of the condition of probation that allows the probation officer to determine the amount Casto is required to pay. Only a court, not a probation officer, may establish a pay schedule. Boss v. State, 613 So.2d 525 (Fla. 5th DCA 1993). By the time this matter is reheard, the probation officer may have enough information about Casto's income to suggest a schedule for repayment which may be adopted by the trial court.
*793 AFFIRMED in part; VACATED in part; REMANDED.
GOSHORN, C.J., and COBB, J., concur.