620 So.2d 1120 (1993)
Christopher M. ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1893.
District Court of Appeal of Florida, Fifth District.
July 2, 1993.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant appeals from a probation order requiring him to pay restitution in the amount of $82,000, to make minimum monthly restitution payments of $300, and to maintain full-time and part-time employment. We affirm in part; modify in part; and reverse in part.
Appellant was charged by information with unauthorized possession of a fictitious or unlawfully issued driver's license[1] and unlawful use of a false or fictitious name in an application for a driver's license.[2] The state filed a notice of intention to seek enhanced punishment pursuant to section 775.084, Florida Statutes (1987), relative to sentencing of habitual felony offenders. Pursuant to a negotiated plea agreement, appellant pled guilty to both charges and agreed to pay restitution to the victim of the vehicle accident in which appellant was involved and from which appellant's charges arose. In exchange, the state agreed not to seek enhanced punishment. The trial court ordered appellant to serve two consecutive five-year terms of probation *1121 and imposed the above conditions of probation.
Appellant contends that the state failed to show any causation between appellant's act of possessing a fictitious or unlawfully issued driver's license and the victim's injuries resulting from the accident. The transcript of appellant's sentencing hearings reveals that appellant agreed to pay restitution to the victim in the amount imposed by the trial court in order to avoid being sentenced as an habitual felony offender. Thus, appellant is estopped from raising the alleged illegality of the restitution condition on appeal. See Bradley v. State, 602 So.2d 980 (Fla.3d DCA 1992) (affirming condition of restitution where defendant agreed to pay restitution to accident victim as part of defendant's plea of nolo contendere to charge of leaving scene of accident); Pollock v. Bryson, 450 So.2d 1183 (Fla.2d DCA 1984) (holding defendant waived right to object to illegality of restitution condition where defendant specifically agreed to pay restitution to accident victim as part of plea to charge of leaving scene of accident to avert possible jail sentence); G.H. v. State, 414 So.2d 1135 (Fla.1st DCA 1982) (affirming condition of restitution if defendant agreed to pay restitution to accident victim as part of defendant's plea to charge of leaving scene of accident and in consideration of state agreeing to drop criminal mischief charge).[3]See also Hebert v. State, 614 So.2d 493 (Fla. 1993) (holding defendant waived right to raise objection to amount of restitution where plea agreement expressly left amount to trial court's discretion); Dent v. State, 432 So.2d 163 (Fla.4th DCA 1983) (where full restitution was condition of defendant's plea bargain, defendant could not challenge restitution condition on grounds that amount bore no relationship to amount she was convicted of obtaining on charge of forgery in credit card transaction).
In sentencing appellant, the trial court imposed the additional condition that appellant make minimum monthly restitution payments of $300. Appellant failed to raise a contemporaneous objection to this condition at the sentencing hearing; thus, we conclude that appellant waived the right to challenge this amount on appeal. Bayer v. State, 597 So.2d 870 (Fla.5th DCA 1992). Further, we note that the $300 amount was supported by the financial affidavit provided by appellant in response to the trial court's request for a restitution plan or schedule. The affidavit demonstrates net monthly income of $1021 and monthly expenses of $725. Nevertheless, we conclude that the word "minimum" must be struck from the trial court's order to avoid any suggestion that the probation officer may require appellant to make higher monthly payments. Appellant did not agree to delegate this authority to his probation officer. See Casto v. State, 615 So.2d 792 (Fla.5th DCA 1993); Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991); Williams v. State, 507 So.2d 1171 (Fla.2d DCA 1987).
Additionally, the trial court, in condition 16 of its probation order, required appellant to maintain full-time and part-time employment. We agree with appellant that such a condition was sufficiently egregious to be the equivalent of fundamental error and, thus, appellant was not required to make a contemporaneous objection. Evans v. State, 608 So.2d 90 (Fla.1st DCA 1992); Walls v. State, 596 So.2d 811 (Fla.4th DCA 1992). Because economic conditions beyond a defendant's control could prevent the defendant from completing such a condition, courts have modified this condition to require instead that a defendant maintain or actively seek gainful employment. Evans, 608 So.2d at 91; Walls, 596 So.2d at 812. In this case, however, condition 7 of the trial court's order states that "You will work diligently at a lawful occupation and support any dependents to the best of your ability as directed by your Probation Officer." This condition was specifically approved by the court in Gregory v. State, 616 So.2d 174 *1122 (Fla.2d DCA 1993), which distinguished the condition in Walls and Evans on the basis that the caveat that the defendant work to the best of his ability avoided the potential for penalizing the defendant for unemployment which he did not seek or cause. Thus, we reverse and strike condition 16 from the probation order but specifically approve of and affirm condition 7.
Accordingly, we affirm the trial court's order to the extent that it requires appellant to pay $82,000 in restitution, but we modify the condition requiring appellant to make monthly restitution payments of $300 by striking the word "minimum" from the condition. Additionally, we affirm condition 7 of the order requiring appellant to work diligently to the best of his ability but reverse condition 16 requiring appellant to maintain full-time and part-time employment.
AFFIRMED in part; MODIFIED in part; REVERSED in part.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 322.212(1), Fla. Stat. (1987).
[2] § 322.212(5), Fla. Stat. (1987).
[3] At the sentencing hearing, appellant's counsel, citing Fykes v. State, 599 So.2d 268, 269 n. 1 (Fla.1st DCA 1992), acknowledged that the restitution condition was probably legal because appellant agreed to the condition in order to avoid a prison sentence.