649 So.2d 272 (1994)
Dave SAMUELS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3024.
District Court of Appeal of Florida, Fifth District.
December 30, 1994.
Rehearing Denied January 31, 1995.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
In this direct criminal appeal, appellant raises two issues: whether it was error to *273 deny his motion to suppress evidence because the state failed to establish that his consent to search was given voluntarily and whether the "FDLE" and "drug and alcohol" costs were properly imposed. We affirm the conviction, but agree that the trial court's imposition of these costs was flawed.
Assessed costs whose statutory authority is not specifically identified on the sentencing form[1] should have a reference by statute number to permit appellate review. Otherwise, this court is left to guess at the authority. See Thomas v. State, 633 So.2d 1122 (Fla. 5th DCA 1994); see also Bradshaw v. State, 638 So.2d 1024, 1025 (Fla. 1st DCA 1994). We surmise that "FDLE" costs refers to costs authorized under section 939.01(1), Florida Statutes (1993), but this is not ascertainable on this record. Further, there appears to be no statutory authority for the imposition of drug and alcohol costs where a defendant is convicted of a felony. See § 939.017, Fla. Stat. (1993). Accordingly, that portion of the sentence assessing FDLE and drug and alcohol costs against the defendant is stricken. The state may, if appropriate, seek reimposition.
JUDGMENT AFFIRMED IN PART; COSTS VACATED; and REMANDED.
COBB, W. SHARP, and GRIFFIN, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.986(c).