664 So.2d 1140 (1995)
Dan MADISON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-424.
District Court of Appeal of Florida, Fifth District.
December 15, 1995.
James B. Gibson, Public Defender, and Erin J. O'Leary, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
We agree with Madison that the cost assessments of $50.00 for the drug abuse fund and $100.00 for Florida Department of Law Enforcement (FDLE) must be reversed. They were not orally pronounced at the sentencing hearing and there is no statutory reference for these costs on either the sentence or order of probation, authorizing such assessment. The state argues that section 893.13(8)(a) authorizes the drug abuse cost assessment, and that section 939.01(1) authorizes the cost assessment for FDLE. That alone is not sufficient.
Initially we note that this court has followed the practice of requiring that the trial judge identify the statutory authority for costs imposed in the written sentence or order of probation. See Brooks v. State, 649 So.2d 329 (Fla. 5th DCA 1995); Samuels v. State, 649 So.2d 272 (Fla. 5th DCA 1994), cause dismissed, 657 So.2d 1163 (Fla. 1995); *1141 Valdez v. State, 639 So.2d 1135 (Fla. 5th DCA 1994). In a case where the statutory basis is not clear or easily ascertainable, the appellate court is left to guess at the authority under which a cost is assessed.
With regard to the FDLE cost assessment in this case, section 939.01(1) provides that in all criminal cases, the costs of prosecution, including investigative costs incurred by law enforcement agencies, if requested and documented by such agencies, shall be included and entered in the judgment rendered against the convicted person. Section 893.13(8)(b) provides that a court can assess any defendant convicted of a violation of that section the amount of $100.00 for the trust fund of the Department of Law Enforcement, to be used by the statewide criminal analysis laboratory system. It is not clear from the order or the record below whether the $100.00 cost is for the criminal analysis laboratory system, or is an investigative cost. This underscores the need for a clear declaration as to what purpose a cost is being assessed. See Flowers v. State, 659 So.2d 448 (Fla. 2d DCA 1995) ($100.00 laboratory fee for FDLE stricken because it was imposed without any statutory basis for its imposition); Samuels (although this court surmised that the costs to FDLE referred to costs of prosecution, cost award was stricken since its purpose was not ascertainable from the record).
Assuming that the $100.00 refers to investigative costs pursuant to section 939.01, there is no request in the record by the state and there is no documentation proffered to support the request on that basis. The statute requires both for an award under section 939.01. Thus, the cost assessment could not be sustained on this ground. See Brown v. State, 657 So.2d 1280 (Fla. 5th DCA 1995) (assessment of $250.00 investigative costs stricken when state failed to request or document the cost as required by section 939.01); Daniels v. State, 656 So.2d 251 (Fla. 1st DCA 1995) (cost award to FDLE stricken where there was no documentation for the cost).
Further we note that cost awards for the drug abuse program authorized by section 893.13(8)(a) and for the FDLE trust fund (for the criminal analysis laboratory system) pursuant to section 893.13(8)(b) are discretionary with the court. Thus, such costs cannot be imposed without giving a defendant the opportunity to challenge them at a hearing, prior to their imposition. See Williams v. State, 604 So.2d 13 (Fla. 2d DCA 1992) (cost to county drug abuse fund was not a statutorily mandated cost, and thus had to be stricken for lack of notice or opportunity to be heard); Williams v. State, 601 So.2d 1277 (Fla. 2d DCA 1992) (discretionary costs assessed for the court improvement fund, cost of prosecution, the drug abuse fund and the crime lab funds stricken because the defendant was not given notice and opportunity to be heard.)
AFFIRMED in part; Cost Awards for Drug Abuse Fund and Florida Department of Law Enforcement STRICKEN.
PETERSON, C.J., and THOMPSON, J., concur.