666 So.2d 240 (1996)
Maurice BROWN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 94-2032, 94-2033.
District Court of Appeal of Florida, Fifth District.
January 5, 1996.
*241 James B. Gibson, Public Defender, and Sean K. Ahmed, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
Maurice Brown appeals from the judgment and sentence imposed in Case No. 94-3193 following his conviction for possession of cocaine.[1] The trial court sentenced Brown to 364 days in the Orange County Jail with 70 days' credit for time served, followed by 2 years' probation. During the court's oral pronouncement, the court advised Brown of the following special conditions of probation:
Mr. Brown, you must report to the probation office within forty-eight hours of your release from the Orange County Jail on this sentence. You must seek and maintain full-time employment.
In order to assist you in doing that, I'm going to require that you enter and successfully complete the program and requirements of the post-release center at the Orange County Work Release Center. It's a program where they will help you get a job, and they have jobs available, they will help you keep that job. And if you cannot get a job, they have jobs there available so it will help you get some income. Because once you have been in prison and then in jail, you'll need some help in getting a job and . .. in keeping a job.
* * * * * *
I'm going to waive the cost of supervision of the probation in light of the fact that Mr. Brown will probably need to spend his earnings supporting himself. And I'm going to impose court costs in this case of two hundred and fifty-five dollars together with a hundred dollars to the drug trust fund. I have to impose those by law. I'll reduce those to judgment, and the payment of those costs is not a condition of successful completion of probation....
The court reduced this oral pronouncement to writing reflected in the judgment and sentence which was filed in open court.
First, Brown asserts that the trial court erred in ordering him to pay $100 to the Orange County Drug Abuse Trust Fund. We find that the trial court's action was proper because Brown received notice and an opportunity to object to the costs during the court's oral pronouncement and further, because the costs were authorized by statute. Compare Alfonso v. State, 595 So.2d 583 (Fla. 2d DCA 1992) (striking costs assessed for the County Drug Abuse Trust Fund because they were not statutorily mandated and could not be imposed without notice and an opportunity to be heard).
*242 Here, although the trial court failed to cite the statute number supporting the assessment to the Orange County Drug Abuse Trust Fund, the assessment is statutorily authorized under paragraph 893.13(4)(a)[2] and section 893.165, Florida Statutes (1991). These statutes were discussed in detail in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc):
Section 893.13(4)(a), Florida Statutes (1991), authorizes the trial court to impose an additional assessment up to the amount of the relevant fine in a drug case. This amount is deposited for the purpose of providing grants for drug abuse treatment or drug education programs. Section 893.165 allows these funds to be distributed to a county drug abuse trust fund.
Id. at 121. In Reyes, the Second District found that reference to the "Hillsborough County Drug Fund," without citing the statute number, was sufficient to apprise the defendant, the appellate court, and the clerk of the court, of the nature of the assessment. Id. It therefore refused to strike those costs. Id. at 122. Applying Reyes to the present case, the trial court's oral pronouncement and subsequent written order sufficiently reference the statutory authority, and thus we affirm those costs. We recognize that, in the past, this court has stated that assessed costs should reference the statute number if the sentencing form does not specifically identify the statutory authority for imposing those costs. See Samuels v. State, 649 So.2d 272, 273 (Fla. 5th DCA 1995). However, we clarify Samuels and hold that the specific statute number is unnecessary where, as here, the defendant has had notice and an opportunity to be heard, and the court's oral pronouncement and written order are specific enough to place the parties and the reviewing court on notice of the statutory authority for the assessment.
Next, Brown argues that the trial court erred in requiring him to maintain full-time employment as a special condition of probation. To support his argument, Brown cites Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993). In that case, the trial court ordered the appellant to maintain full-time and part-time employment. This court reversed that portion of the final judgment, fearing that "economic conditions beyond a defendant's control could prevent the defendant from completing such a condition... ." Id. at 1121 (citing Evans v. State, 608 So.2d 90, 91 (Fla. 1st DCA 1992); Walls v. State, 596 So.2d 811, 812 (Fla. 4th DCA 1992)). The court recognized that the Evans and Walls courts modified this condition of probation to require that a defendant instead either maintain or actively seek gainful employment. See Evans, 608 So.2d at 91; Walls, 596 So.2d at 812. The court in Armstrong left intact another condition of probation which required the appellant to "work diligently at a lawful occupation and support any dependents to the best of ... [his] ability... ." It reasoned that the court's charge to work to the best of the defendant's ability removed "the potential for penalizing the defendant for unemployment which he did not seek or cause." Armstrong, 620 So.2d at 1122 (citing Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993)).[3]
In the present case, although the court stated that Brown must maintain full-time employment, it clarified that Brown would be insulated from losing his job because he would have one available through the Orange County Work Release Center. The court stated:
In order to assist you in doing that, I'm going to require that you enter and successfully complete the program and requirements of the post-release center at the Orange County Work Release Center. It's a program where they will help you get a job, and they have jobs available, they will help you keep that job. And if you cannot get a job, they have jobs there available so it will help you get some income. *243 Because once you have been in prison and then in jail, you'll need some help in getting a job and . .. in keeping a job.
As the trial court's clarification removes the possibility that Brown could violate his probation because of economic conditions beyond his control, this case is distinguishable from Armstrong. It likewise alleviates any fear that Brown might be punished for unemployment that he did not seek or cause. However, to eliminate any possible confusion, we modify the final judgment to provide that Brown work "to the best of his ability."
AFFIRMED as MODIFIED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] §§ 893.13(6)(a), 893.03(2)(a)4, Fla. Stat. (1993).
[2] Effective October 1, 1993, paragraph 893.13(4)(a), Florida Statutes (1993) was amended. See ch. 93-194, § 4, at 1768, Laws of Fla. It was again amended and transferred to section 893.13(8)(a) effective January 1, 1994. See ch. 93-406, § 8, at 2953, Laws of Fla. These changes do not materially affect the outcome of this case, however.
[3] The Second District specifically approved this condition in Gregory v. State, 616 So.2d 174, 176 (Fla. 2d DCA 1993).