PER CURIAM.
In this direct criminal appeal, the appellant challenges costs and a special condition of probation imposed upon his sentencing in April 1996. We strike that portion of the order by which the appellant is directed to pay $100 to the Drug Abuse Trust Fund and $100 to the Florida Crime Lab because the order fails to cite statutory authority for those costs. See, e.g., Fisher v. State, 697 So.2d 1291 (Fla. 1st DCA 1997); Bizzard v. State, 668 So.2d 331 (Fla. 1st DCA), rev. denied, 675 So.2d 926 (Fla.1996); Madison v. State, 664 So.2d 1140 (Fla. 5th DCA 1995). These discretionary costs may be reimposed upon proper citation, notice and an opportunity to be heard. See id.
We also strike the special condition requiring the appellant to pay the costs of drug testing and treatment because the trial court failed to orally pronounce that condition, and it may not be reimposed. See Fisher, 697 So.2d at 1292; Justice v. State, 674 So.2d 123 (Fla.1996).
The orders appealed are otherwise affirmed.
ALLEN, WEBSTER and DAVIS, JJ., concur.