ALTENBERND, Judge.
T.D.S. appeals an amended order withholding an adjudication of delinquency and the resulting disposition. We affirm the withhold of adjudication of delinquency, which was based on the offense of gambling, without further discussion. We also affirm the imposition of $50 in costs even though the disposition order fails to cite a statutory basis for imposing the costs. Although it would be far better if the order had cited a statutory basis, we hold that in the context of a delinquency proceeding there is no confusion about the statutory source of this mandatory cost and any error in failing to cite a basis is harmless.
The disposition in this case was entered on a form that tracks the language of the standard, approved form for the imposition of costs in a delinquency proceeding. See Fla. R. Juv. P. 8.947 (2008). Unfortunately, that form contains no space or other provision for the trial court to state the statutory basis for the cost. We note that some circuits within our district have modified this form to allow for a citation to a statute for each imposed cost. We commend them for that modification.
The narrow issue in this case is whether an assessment of $50 in a delinquency case based on a withhold of adjudication without an accompanying reference to a statute constitutes reversible error. We conclude that it does not.
The source of the requirement that a cost assessment in a criminal proceeding contain a reference to the statutory authority is not directly found in a statute or a rule of procedure. At least to a large extent, this requirement can be traced to the en banc decision of this court in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) superseded, by statute, § 938.15, Fla. Stat. (1997), on other grounds as recognized in Waller v. State, 911 So.2d 226, 227 (Fla. 2d *19 DCA 2005). In Reyes, we considered the problems arising in criminal law from a wide array of statutes imposing costs. Id. at 113. As that opinion reflects, it was common procedure at the time for trial courts in criminal divisions to impose large monetary cost assessments that were actually a combination of many different mandatory and discretionary costs. Id. It was difficult or impossible for defendants to know exactly what costs had been imposed, and it was equally difficult for the fiscal agents of the State to determine how to account for partial payments of costs when the costs had differing priorities and were payable to different recipients. We explained in Reyes:
So long as the statutes establish a complex system of mandatory and discretionary costs, coupled with fines and restitution to various victims, all discretionary costs must be individually announced by the trial judge at sentencing to give the defendant an opportunity to object to the specific imposition. Written cost orders must assess both mandatory and discretionary costs with adequate disclosure of the statutory authority supporting the assessment so that the defendant, the appellate court, and those responsible for collecting and remitting payments of costs and restitution will be able to identify the basis for the assessment.
Id. at 114. After Reyes was issued, criminal court costs were simplified and better organized by the legislature, but the problem remained that accounting for costs was virtually impossible unless the State’s agents knew the statutory basis for the costs.
The situation is far less complex in juvenile cases. Only a few cost statutes apply to these eases. See generally V.K.E. v. State, 934 So.2d 1276, 1282 (Fla.2006) (recognizing the legislature has not expressly provided for assessment of costs under sections 938.05 and 938.085 in juvenile delinquency proceedings). There still may be instances in which it is essential to disclose the statutory basis for costs in juvenile cases, but the very common $50 cost imposed in juvenile cases is based on the mandatory cost for the Criminal Compensation Trust Fund under section 938.03, Florida Statutes (2008), which the trial court cannot waive and must impose even when adjudication is withheld. No one who is responsible for carrying out the terms of this disposition will be confused about the nature of this cost or how to account for the money when it is paid.
Given that this situation is brought on by a standard form that has been used for years, we decline to create a rule requiring hundreds of reversals of cost assessments merely because the form could be better when it has not caused any harmful error.
Affirmed.
KELLY and VILLANTI, JJ„ Concur.