MAKAR, J.
Anthony Keel appeals his judgment and sentence for three counts related to an attempted home invasion robbery. We affirm the judgment without further comment, but reverse and remand to correct two sentencing errors. Keel preserved these errors by filing motions pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
After his arrest, Keel confessed to an attempt to burgle a grocery store. His plan was to kidnap the store’s assistant manager at his home as he returned from work, obtain the alarm and safe codes, and hold the man at gunpoint while his co-conspirators went to the grocery store and emptied the safe. Keel’s plot was foiled when the manager successfully resisted and called the police.
First, both the sentencing score-sheet and the final judgment reflect incorrect offense classifications. The trial court reclassified each of Keel’s three offenses to reflect the statutory enhancement for carrying a firearm during the commission of a felony. However, enhancement was appropriate only for the attempted kidnapping charge.
Keel’s three underlying offenses, as attempts to commit first degree felonies, were second degree felonies before any firearm enhancement was applied. § 777.04(4)(c), Fla. Stat. (2009). The trial court reclassified the offenses because Keel carried a firearm during the attempt. The trial court erred by enhancing the armed burglary and armed robbery counts, however, because reclassification is inappropriate when the firearm is an essential element of the charged offense, as in armed robbery or armed burglary. § 775.087(l)(b). In effect, the sentence has already been enhanced, as attempted armed robbery is punished as a second degree felony, where attempted robbery is punished as a third degree felony. § 777.04(4)(d). The State cannot “double-dip” its classification enhancement. The trial court was correct to apply the firearm enhancement to the kidnapping charge, as carrying a firearm is not an essential element of attempted kidnapping to facilitate a felony. Though enhancement to a first degree felony was appropriate, the trial court erred by enhancing the attempt to a life felony. The State concedes error on this point.
*1007 Second, the trial court imposed a fíne and statutory surcharge as part of a lump-sum oral pronouncement. A trial court errs when it fails to delineate its statutory authority for each discretionary fine or cost imposition, as it denies the defendant the right to be heard. Williams v. State, 845 So.2d 987, 989 (Fla. 1st DCA 2008). The State properly concedes error.
The trial court also imposed a five dollar per month service charge to be paid to the Clerk of Courts until the fines and costs are satisfied. Though the written sentence does not indicate the statutory authority for the fee, it does clearly indicate the purpose of the fee. An indication of the purpose of the fee is sufficient even without citation to authority, as the fee is mandated by statute. § 28.24, Fla. Stat. (2011); Bradshaw v. State, 638 So.2d 1024, 1025 (Fla. 1st DCA 1994). The fee was therefore properly imposed.
Accordingly, the judgment of conviction is affirmed and the sentence is reversed and remanded to correct the improper classification of felonies on both the score-sheet and the judgment, strike the discretionary fines and costs deriving therefrom, and conduct a new sentencing hearing.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
DAVIS and LEWIS, JJ., concur.