# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D21-2985
LT Case No. 2019-CF-001050-XX

_____

GRACE ANN KING,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Michael Ufferman, of Michael Ufferman Law Firm, P.A.,
Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Kristen L.
Davenport, Assistant Attorney General, Daytona Beach, for
Appellee.

December 7, 2023

EISNAUGLE, J.

    We affirm Grace Ann King's ("Appellant") judgment and
sentence. We write to explain why we reject her argument that
the written cost order is in error because, while the written order
contains statutory citations, it does not contain citations to the
municipal ordinances authorizing two costs.

Specifically, the trial court imposed a $2 cost, citing section 938.15, Florida Statutes (2021), and a $65 cost, citing section 939.185, Florida Statutes (2021).

Section 938.15 provides that:

In addition to the costs provided for in s. 938.01, municipalities and counties may assess an additional $2 for expenditures for criminal justice education degree programs and training courses, including basic recruit training, for their respective officers and employing agency support personnel, provided such education degree programs and training courses are approved by the employing agency administrator, on a form provided by the Criminal Justice Standards and Training Commission, for local funding.

Section 939.185(1)(a) provides that:

The board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65, to be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state.

Neither statute authorizes the imposition of any cost on its own. Instead, both statutes authorize a local authority to adopt an ordinance imposing the cost. Therefore, according to Appellant, without a citation to the applicable ordinances in the written order, the written cost order is in error.

**Citation to Statutory Authority**

Over the last couple of decades, we have often summarily reversed cost orders with an instruction that the trial court cite statutory authority for each cost imposed in the written order. *E.g.*, *N.B. v. State*, 48 Fla. L. Weekly D662, D662 (Fla. 5th DCA Mar. 31, 2023) ("[T]he trial court is required to provide a citation to the statutory basis for each cost imposed. Accordingly, we strike

2

the costs from the disposition order and remand for entry of an amended disposition order that contains a statutory citation as to each cost imposed by the court." (citations omitted)); *Strong v. State*, 140 So. 3d 680, 681 (Fla. 5th DCA 2014) ("We strike the court's imposition of fees and costs and remand for the trial court to cite the correct statutory authority." (citations omitted)); *J.S. v. State*, 920 So. 2d 752, 753 (Fla. 5th DCA 2006) ("The law is well settled that trial courts lack the authority to impose costs and fines in criminal cases unless such imposition is specifically authorized by statute and the statutory authority is cited in the defendant's written disposition order." (citations omitted)). However, at least in recent years, we have not engaged in any substantial analysis or identified the legal basis for our decisions.

As we will now explain, the rule requiring citation to authority for each cost imposed has a long but checkered history in Florida's jurisprudence. First, we will discuss the rule's apparent origin and development over several decades. Second, we will examine our own decisions, demonstrate that the rule is based on due process, and conclude that due process is satisfied when the authority is "evident in the record." Finally, we will explain our decision in this case.

## The Rule's Origin and History

The rule appears to have its origin in the second district's summary decision over three decades ago in *Allen v. State*, 508 So. 2d 360 (Fla. 2d DCA 1987). In that case, without citing any authority or offering a substantial explanation, the court struck a condition of probation requiring payment to the court improvement fund. *Id.* at 360. In so doing, the court merely explained that "[t]he state has offered no authority for requiring a contribution to the court improvement fund." *Id.*

Less than three months later, the court relied on its decision in *Allen* to reverse a $1,000 cost, in part, because "the record reveal[ed] that the court failed to cite proper statutory authority for assessing the $1,000 costs." *Brown v. State*, 506 So. 2d 1068, 1068 (Fla. 2d DCA), *rev. denied*, 515 So. 2d 229 (Fla. 1987). Notably, neither *Allen* nor *Brown* states that a written cost order must always cite authority for each cost imposed.

3

The next year, the second district applied its decision in *Brown*, and reversed a cost order because the "*oral pronouncement* included no statutory authority for the assessment." *Moore v. State*, 525 So. 2d 1031, 1032 (Fla. 2d DCA 1988) (emphasis added). That same year, in *Stewart v. State*, 522 So. 2d 518 (Fla. 2d DCA 1988), the court reversed a cost order and identified one basis for the rule: "[t]he failure of the trial court to cite statutory authority when it imposed the court costs deprived the appellant of the opportunity to object to the costs." *Id.* at 518 (citation omitted).

A few years later, the second district clarified the rule in *Sutton v. State*, 635 So. 2d 1032 (Fla. 2d DCA 1994). In *Sutton*, the district court explained "the *record* must contain a citation to the proper statutory authority supporting the assessment of such costs." *Id.* at 1033 (emphasis added) (citation omitted).

During this early time in the rule's development, the first district applied a similar principle. For instance, in *Bradshaw v. State*, 638 So. 2d 1024 (Fla. 1st DCA 1994), the court concluded "it is improper to impose additional court costs without reference to statutory authority, *or an explanation in the record* as to what the additional costs represent, *which is sufficiently clear* to permit a reviewing court to determine the statutory authority for the costs." *Id.* at 1025 (emphases added). Similarly, in *Gibson v. State*, 577 So. 2d 1001 (Fla. 1st DCA 1991), the first district struck costs because "the trial court did not provide the statutory authority for the imposition of the fines in the order *or at the sentencing hearing*." *Id.* at 1001 (emphasis added) (citation omitted).

But then, for reasons not entirely clear to us, the second district announced, in what appears to be dicta, a more technical requirement in *Reyes v. State*, 655 So. 2d 111 (Fla. 2d DCA 1995) (en banc), *superseded by statute*, § 938.15, Fla. Stat. (1997), *as recognized in Waller v. State*, 911 So. 2d 226, 227 (Fla. 2d DCA 2005). In that case, the second district stated, "[w]e remind the trial courts that the *written order* on costs must contain an appropriate citation to the statute." *Id.* at 119 (emphasis added).[1]

---

[1] We find *Reyes* both flawed and difficult to decipher. Despite its strict-sounding pronouncement, *Reyes* affirmed a cost lacking a

4

Then, the following year, this more technical language gained some traction in *R.T.D. v. State*, 679 So. 2d 1263 (Fla. 2d DCA 1996), when the court struck costs "because the trial court did not cite any statutory authority for these costs *in its order*." *Id.* at 1264 (emphasis added). Since then, the second district has regularly employed similar language when reversing cost orders. *See Weber v. State*, 368 So. 3d 487, 489 (Fla. 2d DCA 2023); *Sanders v. State*, 189 So. 3d 946, 946 (Fla. 2d DCA 2016); *Kirby v. State*, 695 So. 2d 889, 890 (Fla. 2d DCA 1997). That said, even the second district does not always require citation to authority in the written order. *See T.D.S. v. State*, 45 So. 3d 18, 19 (Fla. 2d DCA 2010) (affirming a cost order lacking citation to authority because "[t]he situation is far less complex in juvenile cases").

Since *Reyes* and *R.T.D.* were decided, the first district has been inconsistent in its description of the rule, sometimes focusing on citation to authority in the written order, and other times recognizing that citation in the record is sufficient. *Compare Williams v. State*, 285 So. 3d 1003, 1005 (Fla. 1st DCA 2019) ("[I]t is improper to impose additional court costs without reference to statutory authority, or an explanation in the record as to what the additional costs represent." (citation omitted)), *Carter v. State*, 173 So. 3d 1048, 1051 (Fla. 1st DCA 2015) (striking two costs imposed "without appropriately citing the statutory authority for the costs in the order"), *and Bowen v. State*, 702 So. 2d 298, 299 (Fla. 1st DCA 1997) ("We strike that portion of the order by which the appellant is directed to pay $100 to the Drug Abuse Trust Fund and $100 to the Florida Crime Lab because the order fails to cite statutory authority for those costs." (citations omitted)), *with Harrison v. State*, 146 So. 3d 76, 78 (Fla. 1st DCA 2014) ("While the

statutory citation because the court found the written order's reference to "the 'Hillsborough County Drug Fund' [was] a sufficient description to adequately substitute for a statutory citation in this case." *Id.* at 121. At the same time, *Reyes* purported to adopt a forward-looking rule in apparent conflict with its holding, stating "[f]uture cost orders, however, must describe this fund with reference to the statute and ordinance supporting its existence." *Id.* at 114.

statutory authority for these costs is not designated, the purpose for these assessments is evident."), *receded from on other grounds by Mills v. State,* 177 So. 3d 984 (Fla. 1st DCA 2015).

In contrast, the fourth district has clearly and steadfastly resisted any suggestion that a written cost order must always include citation to statutory authority. Instead, it appears that court only requires a sufficient record to permit appellate review. *See, e.g.*, *Anderson v. State*, 229 So. 3d 383, 386–87 (Fla. 4th DCA 2017) ("While the trial court was not required to cite the specific statutory authority for each assessment imposed, the trial court was required to provide a breakdown of the assessments and identify what they represent, so as to permit this court to determine the statutory authority for each assessment."); *Lyons v. State,* 837 So. 2d 540, 541 (Fla. 4th DCA 2003) (recognizing trial court need not specify statutory authority authorizing costs; finding "*Sutton* unpersuasive"); *I.B. v. State,* 806 So. 2d 610, 611 (Fla. 4th DCA 2002) ("[T]he record clearly reflects that the court stated the amount and basis for the statutorily authorized public defender fees and costs imposed."), *abrogated on other grounds as stated in D.G. v. State,* 896 So. 2d 920, 921–22 (Fla. 4th DCA 2005).[2]

As one might expect, some of Florida's courts, including the first and second districts, have also remanded cost orders for citation to local authority. *See, e.g.*, *Dibelka v. State*, 326 So. 3d 835, 837 (Fla. 2d DCA 2021) (remanding for the trial court to "provide the applicable county ordinance requiring the additional cost" imposed under section 939.185); *Carter v. State*, 173 So. 3d at 1051 (remanding for the trial court to cite the appropriate ordinance for the $65 cost imposed pursuant to section 939.185). Of course, this is not surprising given the rule pertaining to citations to statutory authority.

In contrast, and consistent with its jurisprudence, the fourth district maintains a balanced approach, concluding that a citation to a municipal ordinance is not *per se* required. *See Chavis v. State*,

---

[2] We have not identified any decision in the third or sixth districts deciding this issue.

247 So. 3d 9, 10 (Fla. 4th DCA 2018) ("We now hold there is likewise no need to cite the ordinance for which court costs are imposed.").

## The Legal Basis for the Rule: Due Process

While Florida's decisions on this issue often employ unguarded and imprecise language, largely untethered from any stated legal principle,[3] we think this court's opinion in *Brown v. State*, 666 So. 2d 240 (Fla. 5th DCA 1996), implicitly grounds the rule on principles of due process.

In *Brown*, much like today, we were forced to clarify an overly broad statement we made a year earlier in *Samuels v. State*, 649 So. 2d 272 (Fla. 5th DCA 1994). In our summary analysis set forth in *Samuels*, we said "[a]ssessed costs whose statutory authority is not specifically identified on the sentencing form *should* have a reference by statute number to permit appellate review. Otherwise, this court is left to guess at the authority." 649 So. 2d at 273 (emphasis added) (footnote omitted).

Although *Samuels* does not say that the written order itself must always contain citations to authority without regard for the record, there is little doubt that the language we used in *Samuels* could cause confusion. Therefore, we set the record straight in *Brown*, explaining:

> [W]e clarify *Samuels* and hold that the specific statute number is unnecessary where, as here, the defendant has had notice and an opportunity to be heard, and the court's oral pronouncement and written order are specific enough to place the parties and the reviewing court on notice of the statutory authority for the assessment.

---

[3] *Cf. T.D.S.*, 45 So. 3d at 18 ("The source of the requirement that a cost assessment in a criminal proceeding contain a reference to the statutory authority is not directly found in a statute or a rule of procedure.").

7

666 So. 2d at 242. Thus, in *Brown*, we affirmed the challenged cost relying, in part, on the oral pronouncement to identify the authority for the assessment. *Id.*

Based on our own analysis in *Brown*, and decisions in other courts like *Bradshaw*, we conclude that the requirement to disclose the authority for the imposition of each cost is based in due process. Amend. XIV, § 1, U.S. Const.; Art. I, § 9, Fla. Const.[4] But "due process is flexible and calls for such procedural protections as the particular situation demands." *Clarington v. State*, 314 So. 3d 495, 501 (Fla. 3d DCA 2020) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)); *see also Tauber v. State Bd. of Osteopathic Med. Exam'rs*, 362 So. 2d 90, 92 (Fla. 4th DCA 1978). As the United States Supreme Court has explained, "[t]he requirements of due process of law 'are not technical, nor is any particular form of procedure necessary.'" *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 610 (1974) (citation omitted). "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Id.* at 610 (quoting *Cafeteria & Rest. Workers v. McElroy*, 367 U.S. 886, 895 (1961)).

Importantly, our recent precedent does not foreclose a rule based on principles of due process. Even though many of our decisions use language focused on citation to authority in the written cost order, we have not receded from *Brown* or otherwise decided that citation to authority in the written order is strictly required even when the authority is otherwise evident in the record.

For instance, while our description of the rule in *J.S.* may have caused confusion, in our application of the law to the facts of that case, we did not hold that the order was reversed solely for failure to cite authority in the written order. *J.S.*, 920 So. 2d at 753–54. Instead, *J.S.* generically states "the trial court failed to

---

[4] We are aware that some courts have identified a "practical" purpose for the rule—to allow "the clerk of court to know the precise nature of the assessment." *Reyes*, 655 So. 2d at 113, 121; *see also T.D.S.*, 45 So. 3d at 19. However, we have found no legal basis for a requirement that benefits the clerk of court, statutory or otherwise.

cite to any legal authority justifying the imposition of the fine," without indicating if citation in the written order is always required or if citation elsewhere in the record would be sufficient. *Id.* at 753.

Indeed, even *J.S.* considered more than the written order. In that case we reasoned that the trial court "acknowledged on the *record* that it had no statutory basis upon which to impose the fine." *Id.* at 754 (emphasis added). In short, *J.S.* quite expressly considered the propriety of a fine where the written order contained no citation to authority *and* the record affirmatively established that there was no such authority. As a result, *J.S.* did not, and could not, hold that a written cost order must always contain citations to authority even when the authority is otherwise evident in the record.

Moreover, this court routinely relies on opinions that do not imply any technical requirement exists. For example, recently in *N.B.*, we struck a cost and remanded with instructions to enter "an amended disposition order that contains a statutory citation as to each cost imposed by the court." 48 Fla. L. Weekly at D662. In so doing, we relied on this court's precedent in *V.D. v. State*, 922 So. 2d 1037 (Fla. 5th DCA 2006), and the first district's decision in *Bradshaw*—neither of which implies any rigid requirement for citation to authority in a written order. *See also J.S.*, 920 So. 2d at 753 (relying on *Bradshaw*).

In *V.D.*, we reasoned that a "trial court must provide a statutory basis for every cost imposed," saying nothing about whether support for the cost must be in the written order or merely evident in the record. *V.D.*, 922 So. 2d at 1038. And as we previously observed, *Bradshaw* concluded that "*an explanation in the record* as to what the additional costs represent" is sufficient. 638 So. 2d at 1025 (emphasis added).

This court's limited precedent concerning citations to local authority is no different. We are aware of at least two summary opinions in which we have referenced a written cost order's lack of citation to municipal authorities. *See Charles v. State*, 292 So. 3d 1270, 1271 (Fla. 5th DCA 2020); *Cash v. State*, 286 So. 3d 384, 385 (Fla. 5th DCA 2019). But again, neither case considers whether a

9

cost order is proper when authority for the cost imposed is otherwise evident in the record. *See Charles*, 292 So. 3d at 1271; *Cash*, 286 So. 3d at 385; *cf. Harrison*, 146 So. 3d at 78.

In short, consistent with the first district's pronouncement in *Bradshaw*, we made it clear almost three decades ago in *Brown* that there is no strict rule requiring citation to authority in every written cost order even if the authority is otherwise evident in the record. And while our many decisions of late did not heed the lesson learned from our lack of clarity in *Samuels*, as we have explained, none of our decisions have receded from, or even adopted a rule in direct conflict with, our holding in *Brown*.

## The Cost Order in this Case

Turning to this case, given our conclusion that the requirement for a citation to authority is based on due process, we reject any technical requirement that citation to local authority must always appear in every written cost order. While a citation in the written order might be the best practice, due process is satisfied, and appellate review possible, when there is citation to authority in the record or when the basis for each cost is otherwise evident in the record.

Having clarified the basis for the requirement that the record disclose the authority for costs imposed, we affirm the cost order in this case because Appellant does not argue on appeal that the failure to cite the local authority in the written cost order in any way deprived her of due process. Specifically, Appellant does not argue that the record lacks sufficient information to permit review of the order or that authority for the costs imposed is not evident in the record.

Instead, Appellant's argument is based solely on a rigid, *per se* requirement for citation to local authority in every written cost order—an argument we reject. As such, Appellant has not carried her burden to demonstrate error on appeal. *See Cox v. Great Am. Ins. Co.*, 203 So. 3d 204, 205 (Fla. 4th DCA 2016) ("[O]n appeal[,] the duty rests upon the appealing party to make error clearly

appear." (quoting *Lynn v. City of Fort Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955))).


AFFIRMED.


EDWARDS, C.J., concurs.
PRATT, J., concurs with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

PRATT, J., concurring.

The panel opinion carefully canvasses and contextualizes our court's precedent, which often has summarily remanded cost orders with instructions to cite statutory authority for the imposed costs. Until today, our court never fully explained the legal basis for that precedent. In failing to identify the underlying law for the citation requirement that we imposed, many of our previous decisions resembled the orders that we remanded—disposition without exposition. I believe we owe trial courts an explanation when we disturb their orders, and I support the panel opinion's effort to build on *Brown v. State*, 666 So. 2d 240 (Fla. 5th DCA 1996), and provide a full foundation for our prior decisions.

Our precedent in this area can have only three bases in law: a statute, a procedural rule, or a constitutional requirement. With no on-point statute or procedural rule, *see T.D.S. v. State*, 45 So. 3d 18, 18 (Fla. 2d DCA 2010), the panel opinion lands on due process as the source. Indeed, the alternative could pose constitutional concerns. Were our citation requirement to lack any foundation in due process, we would be left with a rule untethered to any substantive law and serving only a "practical" purpose, *Reyes v. State*, 655 So. 2d 111, 113, 114 (Fla. 2d DCA 1995) (en banc)—a freestanding regulation of the form and content of trial court orders that operates much like a rule of court practice and procedure. The district courts of appeal lack authority to create such rules. That authority belongs to the Florida Supreme Court. *See* Art. V, § 2(a), Fla. Const. ("The supreme court shall adopt rules for the practice and procedure in all courts . . . ."); *see also Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 732 (Fla. 1991) (describing the Florida Supreme Court's "exclusive authority to regulate" court practice and procedure); *but cf. Bernhardt v. State*, 288 So. 2d 490, 496 (Fla. 1974) ("Rules of practice and procedure adopted by this Court *super[s]ede* any legislative enactment governing practice and procedure *to [the] extent that statute and rule may be inconsistent*." (emphases added)).

I therefore join in the panel opinion, which grounds our precedent in due process and avoids the constitutional concerns to

12

which a different path might lead. But I do so with some reservation. To the best of my knowledge, our court never has received briefing on the issue about which we opine today: whether due process requires that a defendant receive notice (whether from the record or from the written order) not only of a cost's imposition, but also of its legal basis. We certainly had no such briefing before us here. And there may be some reason to doubt whether due process imposes such a requirement. I take the theory to be that defendants must have notice of a cost's asserted legal basis—and not just notice of its imposition—to enable meaningful rehearing or appellate review. But it's unclear to me why a defendant facing an unexplained cost with no obvious authorizing statute or ordinance couldn't appeal (or move for rehearing) and argue that the cost was imposed *ultra vires*. Perhaps there are some cases—particularly those presenting commingled costs—in which a failure to itemize the costs might inhibit effective appellate review. But at a minimum, it seems that a defendant's inability to ascertain the legal basis for a cost, whether from the record or from the written order, does not in itself preclude him from meaningfully challenging it.

Notwithstanding my reservations, I recognize that neither party in this case has asked us to revisit our precedent. And the panel opinion does a great service to our court by plausibly grounding our prior decisions in a substantive legal principle that avoids encroaching on our reviewing court's rulemaking authority. Indeed, I cannot think of a more persuasive justification for our precedent than the one that the opinion offers. I thus join the opinion, with the caveat that I would be open to reexamining our precedent *en banc* in a future case that presents thoughtful briefing on the issue.