DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DANIEL ALBERT LOMBARDI,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0552

_____

April 19, 2024

Appeal pursuant to Fla. R. App. P. 9.140 from the County Court for Pinellas County; Cathy A. McKyton, Judge.

Howard L. Dimmig, II, Public Defender, and Caroline Joan S. Picart, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Laura Dempsey, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Daniel Albert Lombardi appeals his judgments and sentences across multiple case numbers. On appeal, Lombardi argues that the trial court erred by imposing lump sum court costs and fines. The State properly concedes error.[1]

_____

[1] Lombardi preserved this issue for review by filing a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2) during the pendency of this appeal. The motion was deemed

A written order imposing court costs must cite the statute authorizing each cost regardless of whether it is mandatory or discretionary. *See Weber v. State*, 368 So. 3d 487, 489 (Fla. 2d DCA 2023) (citing *Vick v. State*, 37 So. 3d 951, 952 (Fla. 2d DCA 2010)).[2] In this case, the written sentencing order in each case number imposed either $350 or $400 lump sum fines and court costs without citing to any statutory authority. And although the plea agreement states that Lombardi agrees that he "will be assessed all statutory fines and costs" and will "pay all fines and costs, including the fines and costs checked on the attached sheets," there are no attached sheets with checked fines and costs in the record on appeal, and the plea agreement does not otherwise specify any statutory authority.

We therefore strike the portions of the sentencing orders imposing the lump sum fines and court costs. On remand, the trial court may reimpose the fines and court costs but must provide the statutory authority for each fine and court cost in the written orders. However, the trial court will not be required to hold a new sentencing hearing to orally pronounce discretionary fines and court costs because Lombardi "agree[d] to pay all fines and costs" and "waive[d his] right to individual announcement of these costs" as part of his plea agreement. *See Spence v. State*, 667 So. 2d 430, 431 (Fla. 2d DCA 1996) (holding that when a

denied when the trial court did not issue a timely ruling. *See* Fla. R. Crim. P. 3.800(b)(2).

[2] We are aware of the Fifth District's holding that "there is no strict rule requiring citation to authority in every written cost order even if the authority is otherwise evident in the record." *King v. State*, 375 So. 3d 389, 395 (Fla. 5th DCA 2023) (citing *Brown v. State*, 666 So. 2d 240 (Fla. 5th DCA 1996)). But in this case, the statutory authority for the imposed fines and court costs does not appear anywhere in the record on appeal.

defendant specifically agrees to the imposition of a discretionary fee, cost, or fine as part of a plea agreement, oral pronouncement is not required because the defendant waives any objection to its imposition).  We affirm Lombardi's judgments and the remainder of his sentences without further comment.

Affirmed in part, reversed in part, and remanded.

VILLANTI, KHOUZAM, and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.