# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-0197
Lower Tribunal No. 2023MM003409AOR

_____

BRIEN AUSTIN KIM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Orange County.
Brian F. Duckworth, Judge.

October 10, 2025

TRAVER, C.J.

Brien Austin Kim appeals his judgment and sentence for resisting an officer without violence. We have jurisdiction. *See* Fla. R. App. P. 9.140(b)(1)(A). The trial court erred in imposing two costs totaling $5 for indeterminable reasons. We reject Kim's argument, which is supported by two of our sister courts, that the trial court had to provide statutory or ordinance citations for the costs identifiable by name in its sentencing minutes. We certify conflict with those decisions and remand for further proceedings. We otherwise affirm.

Following a jury verdict, the trial court sentenced Kim to a jail term and imposed $223 in court costs upon him. Neither the trial court's oral pronouncement nor its sentencing order identified the individual bases for the costs composing this amount. But the trial court's hearing minutes, which are contained in our record, did:

| Court Costs - Misdemeanor with Fine Assessed | $223 |
| --- | --- |
| LGCJTF Misdemeanor | $10 |
| LGCJTF Clerk Fee – Misdemeanor | $50 |
| Crimes Comp TF – State | $49 |
| Crimes Comp TF Clerk fee – Misdemeanor | $1 |
| Crimestoppers Clerk Fee – Misdemeanor | $3 |
| Crimestoppers State Part – Misdemeanor | $17 |
| Crime Prevention Misdemeanor- county part | $19 |
| Crimes Prevention Clerk Fee – Misdemeanor | $1 |
| State Ed TF | $3 |
| Ordinance Teen Court | $2.85 |
| Ordinance Teen Court | $0.15 |
| Criminal County Ordinance | $65 |
| LEEF- County | $2 |
| Total costs | $223 |

These minutes did not, however, include statutory or ordinance citations supporting each cost. Kim thus filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2), challenging the costs imposed against him on this basis and claiming that he did not know what they were. He also insisted that if any of the costs were discretionary, the trial court had to announce them at sentencing and offer him a chance to contest them. The trial court did not rule on Kim's motion within sixty days, thus deeming the motion denied and preserving this argument for our

2

review.  *See* Fla. R. Crim. P. 3.800(b)(2)(B); *Barker v. State*, 353 So. 3d 63, 65 (Fla. 4th DCA 2022).

"Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo."  *Kittles v. State*, 31 So. 3d 283, 284 (Fla. 4th DCA 2010).  No statute or procedural rule requires a trial court to explain the basis for an imposed cost.  *See King v. State*, 375 So. 3d 389, 393 & n.3 (Fla. 5th DCA 2023) (citing *T.D.S. v. State*, 45 So. 3d 18, 18 (Fla. 2d DCA 2010)).  We have ruled, though, that "[i]t is improper for a trial court to impose costs in a sentencing order without providing an explanation in the record as to what the costs represent, so as to permit a reviewing court to determine the statutory authority for the costs."  *Redman v. State*, 412 So. 3d 201, 202 (Fla. 6th DCA 2025) (quoting *Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017)).

In this sense, we agree with Kim that a "lump sum" imposition of costs is improper because it does not allow for meaningful appellate review.  *See id*. at 203.  It also violates a criminal defendant's due process rights because it provides no notice of why a trial court has imposed costs against him.  *See King*, 375 So. 3d at 393–94 (explaining that due process requires trial courts to explain basis for imposed costs in absence of any statutory or procedural requirement); *Keel v. State*, 134 So. 3d 1005, 1007 (Fla. 1st DCA 2012) ("A trial court errs when it fails to delineate its statutory authority for each discretionary fine or cost imposition, as it denies the

3

defendant the right to be heard."). Similarly, a trial court violates a defendant's due process rights by imposing a discretionary cost without orally pronouncing it at sentencing and advising of his right to contest it. *See Osterhoudt v. State*, 214 So. 3d 550, 551 (Fla. 2017).[1]

Our record shows why the trial court imposed $218 of the $223 in costs against Kim. The written notations next to each cost in its sentencing minutes allow us to identify the statutory authority supporting all but two individual costs. *See* §§ 938.05(1)(b) ($60 statutorily mandated cost for misdemeanors, from which $10 is remitted to general revenue fund (previously titled Local Government Criminal Justice Trust Fund ("LGCJTF")); 938.03(1), (2), & (4) ($50 statutorily mandated crime compensation trust fund fee for misdemeanors); 938.06(1) ($20 statutorily mandated crime stoppers program fine); 775.083(2) ($20 statutorily mandated crime prevention fine for misdemeanors); 938.19(2) (permitting county to adopt $3 teen court mandatory cost, which Orange County implemented, *see* Orange Cnty., FL, Code of Ordinances, § 14-7); 939.185(1) (permitting county to assess $65 as additional mandatory court cost, which Orange County implemented, *see* Orange Cnty., FL, Code of Ordinances, § 14-1), Fla. Stat. (2023). It is unclear, though, what "State Ed TF" and "LEEF-County" mean. Thus, the trial court respected Kim's due

---

[1] This is unnecessary for statutorily mandated costs. *See State v. Beasley*, 580 So. 2d 139, 142 & n.4 (Fla. 1991) (holding that publication in Laws of Florida or Florida Statutes is adequate notice to defendant of statutorily mandated costs).

process rights in all but these two assessments. Excepting the $2 and $3 costs, Kim either knew or could easily determine why the trial court ruled the way it did.[2] And for all but perhaps those two costs, the trial court had no duty to announce the assessments to Kim at sentencing or provide him a right to contest them.

Even so, Kim argues that a trial court must provide a statutory citation for every assessed cost, and the absence of this information constitutes reversible error. We recognize that the First and Second Districts have issued decisions supporting this contention.[3] *See, e.g., R.T.D. v. State*, 679 So. 2d 1263, 1264 (Fla. 2d DCA 1996) (striking $50 cost for "the Crimes Compensation Trust Fund" and $75 "public defender fee" because sentencing order did not cite "any statutory authority for these costs"); *Williams v. State*, 285 So. 3d 1003, 1005 (Fla. 1st DCA 2019) (reversing

---

[2] We agree with the *King* court, though, that the best practice for trial courts is to identify each cost by name and current statutory citation. *See* 375 So. 3d at 395. Multiple courts in our district do this regularly via forms with check boxes, and it decreases the chances that busy and conscientious trial judges will need to do additional work because we cannot identify the basis for a cost by a name or an abbreviated name alone. It will also obviate the need, for example, to reconvene a criminal proceeding solely to resolve a $2 court cost.

[3] These decisions are not, however, without competing intra-district authority. *See T.D.S.*, 45 So. 3d at 18 ("Although it would be far better if the order had cited a statutory basis, we hold that in the context of a delinquency proceeding there is no confusion about the statutory source of this mandatory cost and any error in failing to cite a basis is harmless."); *Bradshaw v. State*, 638 So. 2d 1024, 1025 (Fla. 1st DCA 1994) ("[I]t is improper to impose additional court costs without reference to statutory authority, *or* an explanation in the record as to what the additional costs represent, which is sufficiently clear to permit a reviewing court to determine the statutory authority for the costs." (emphasis added)).

"$3.00 teen court cost" where no supporting statutory authority in record). But no statutory or procedural authority requires this level of detail, and references to "the Crimes Compensation Trust Fund" and "teen court" allow a criminal defendant to identify the basis for the costs imposed against him. *See* §§ 938.03, 938.19. We thus align ourselves with the Fourth and Fifth Districts on this issue in certifying conflict with *R.T.D.* and *Williams*. *See King*, 375 So. 3d at 395; *Anderson*, 229 So. 3d at 386. Accordingly, we affirm the trial court's decision in full, except for the $3 "State Ed TF" and $2 "LEEF-County" costs.

We strike these costs. On remand, the trial court may reimpose the "State Ed TF" and "LEEF-County" costs if they are mandatory, either ideally, with a current and accurate description and supporting legal citation or, at minimum, with a specific explanation about what the cost assessment represents. If the "State Ed TF" and "LEEF-County" costs are discretionary, the trial court may reimpose these costs after conducting a sentencing hearing that advises Kim of their nature and his right to contest them.

AFFIRMED in part; STRICKEN in part; and REMANDED with directions. CONFLICT CERTIFIED.

WHITE and GANNAM, JJ., concur.

Blair Allen, Public Defender, and Caroline Joan S. Picart, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED